Charles D. OGDEN ESTATE by Sharon K. Ogden, Administratrix of the Estate of Charles D. Ogden, Plaintiff-Appellant,

v.

The DECATUR COUNTY HOSPITAL, Defendant-Appellee.

No. 73A01–8612–CV–339.

Court of Appeals of Indiana, First District.

July 9, 1987.

Rehearing Denied Aug. 17, 1987.

Gerald G. Angermeier, Jewell, Crump & Angermeier, Columbus, for plaintiff-appellant.

David O. Tittle, Donald J. Graham, Bingham, Summers, Welsh & Spilman, Indianapolis, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Sharon K. Ogden as personal representative of the estate of Charles D. Ogden appeals the trial court's grant of summary judgment entered in favor of defendant Decatur County Memorial Hospital. We affirm.

## FACTS

On July 4, 1984, Charles Ogden, his wife Sharon Ogden and his father Dan Ogden all went to Decatur County Memorial Hospital to visit with Charles' mother Eva Ogden. Around 9:45 a.m. Dr. Perrin arrived at Eva's room and asked to talk to the visitors about the condition of Eva. The conversation occurred outside Eva's room in the hallway and concerned the future treatment to be given to Eva. Specifically, Dr. Perrin wanted to know whether the family would want Eva to be put on life support systems if her heart stopped.

After the doctor asked the family's wishes with regard to life support systems, Charles Ogden excused himself and walked down the hall and into a restroom. Eugene Elliot, a custodian, was located outside the restroom in the hallway. Elliot heard a noise from within the restroom, so he opened the door and found Charles lying on the restroom floor. Elliot summoned assistance from Judy Owens, a unit coordinator, Letha Taylor, a registered nurse, and Dr. Perrin. Charles was placed in a wheelchair. Zelma Barnes, another custodian, helped hold the door while Charles was taken from the restroom to the Emergency room. X-rays were taken and Charles was admitted to the hospital for observation. All five witnesses testified in depositions that the floor was not wet or slippery, and that no foreign objects or debris were on the floor when they removed Charles from the restroom.

On July 5, 1984, Charles was examined further and transferred to Methodist Hospital in Indianapolis. Charles underwent treatment and surgery. Charles' condition, however, failed to improve. On July 13, 1984, Charles died from the head injury.

On February 11, 1985, Sharon K. Ogden, as personal representative for the Estate of Charles D. Ogden (Ogden), filed a complaint for the wrongful death of Charles

caused by the negligence of the Hospital. On July 1, 1986, the Hospital filed a motion for summary judgment and a motion in limine. On July 24, 1986, a hearing was held on the motions. The court granted the Hospital's motion for summary judgment on August 5, 1986. Thereafter, Ogden perfected this appeal. Additional facts will be discussed within the decision.

## ISSUE

Whether the trial court erred in granting the defendant's motion for summary judgment.

## DISCUSSION AND DECISION

The grant or denial of summary judgment is reviewed on appeal by the same standard as used by the trial court. *Brenneman Mechanical and Electrical Inc. v. First National Bank of Logansport* (1986), Ind.App., 495 N.E.2d 233, 240, *trans. denied; First Savings and Loan Ass'n of Central Indiana v. Treaster* (1986), Ind.App., 490 N.E.2d 1149, 1151, *trans. denied.* Summary judgment is proper only when no issue of material fact exists and when the movant is entitled to judgment as a matter of law. *Brenneman,* at 240; *Treaster,* at 1151. The movant bears the burden of proving that summary judgment should be granted. *Kidd v. Davis* (1985), Ind.App., 485 N.E.2d 156, 158. On appeal, the facts and inferences to be drawn therefrom must be viewed in a light most favorable to the non-movant. *Kidd,* at 158. All doubts are resolved in favor of the non-movant. *Brenneman,* at 240; *Treaster,* at 1151; *Kidd,* at 158.

Summary judgment is generally inappropriate in a negligence case. *Rediehs Express, Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, 1008, *cert. denied* —— U.S. ——, 107 S.Ct. 1571, 94 L.Ed.2d 762. However, once the moving party has shown an entitlement to summary judgment, the non-moving party must present evidence which shows that a material issue of fact exists. *Id.* The non-movant may not rest on his pleadings. *Id.; Lafayette Bank and Trust Co. v. Price* (1982), Ind.App., 440 N.E.2d 759, 761. If the non-moving party fails to place a material fact in issue, summary judgment will be upheld. *Maple,* at 1008; *Price,* at 761.

A plaintiff can recover for negligence only if he establishes that the defendant breached a duty owed to plaintiff that was the proximate cause of plaintiff's injuries. *Northern Indiana Public Service Co. v. Stokes* (1986), Ind.App., 493 N.E.2d 175, 179; *Letson v. Lowmaster* (1976), 168 Ind. App. 159, 162, 341 N.E.2d 785, 787; *Sparks v. Baldwin* (1965), 137 Ind.App. 64, 71, 205 N.E.2d 173, 177. Negligence cannot be inferred from the mere fact of an accident, absent special circumstances. *Stokes,* at 179; *Thiele v. Faygo Beverages, Inc.* (1986), Ind.App., 489 N.E.2d 562, 572, *trans. denied; Pardue v. Seven-Up Bottling Co. of Indiana* (1980), Ind.App., 407 N.E.2d 1154, 1159, *reh. denied* (Ratliff, J., dissenting). To avoid summary judgment the plaintiff must establish specific facts which place in question and support an inference that the defendant was negligent. *Stokes,* at 179; *Pardue,* at 1159; *Letson,* 168 Ind.App. at 162, 341 N.E.2d at 787. An inference, however, cannot arise or stand by itself. *Price,* at 761; *Pardue,* at 1159. Therefore, a trial court's granting of a defendant's motion for summary judgment will not be disturbed, unless plaintiff provides factual evidence from which negligence can be inferred. *Thiele,* at 574–76; *Letson,* 168 Ind.App. at 162, 341 N.E.2d at 787. See also, *Alterman Foods, Inc. v. Ligon* (1980), 246 Ga. 620, 272 S.E.2d 327; *Colbert v. Piggly Wiggly Southern* (1985), 175 Ga.App. 44, 332 S.E.2d 304; *Ruffin v. Trapp Chevrolet, Inc.* (1982), La.App., 424 So.2d 1192.

In *Ligon, Colbert,* and *Ruffin,* the plaintiffs all alleged that the negligence of the defendants caused them to slip and fall. *Ligon,* 246 Ga. at 621, 272 S.E.2d at 328; *Colbert,* at 44, 332 S.E.2d at 305; *Ruffin,* at 1193. The plaintiffs, however, failed to allege specific facts which would establish that a foreign substance was present on

the floor or that the defendants negligently treated or maintained their floors. *Ligon,* 246 Ga. at 621, 272 S.E.2d at 328; *Colbert,* 175 Ga.App. at 49, 332 S.E.2d at 309; *Ruffin,* at 1194. The courts all agreed that the mere allegation of a fall would be insufficient to establish negligence. *Ligon,* 246 Ga. at 625, 272 S.E.2d at 332; *Colbert,* 175 Ga.App. at 49, 332 S.E.2d at 309; *Ruffin,* at 1194. In *Ligon,* the court stated:

"In the case before us the plaintiff averred only that the 'slippery and dangerous floor maintained by defendant' was the proximate cause of her fall. The defendant presented evidence of no defective condition in the floor. Plaintiff did not introduce any evidence of the quality of material used or the methods which defendant used in waxing and maintaining its floor. She merely stated that she slipped and fell, but that she *could not determine what it was that caused her fall.* ...

"Defendant introduced testimony of witnesses who had examined the floor immediately after plaintiff's fall and who found neither a foreign substance nor any other defect in the floor. Defendant also introduced evidence that the floor had been waxed two and one-half days prior to plaintiff's fall and had been trafficked during that time by other customers. Defendant's evidence was sufficient to pierce the pleadings of the plaintiff and to shift the burden to her to produce issuable evidence or suffer judgment....

"Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.

"It cannot be inferred from a silent record that defendant negligently maintained its floor. Plaintiff's statements taken in the light most favorable to her, are merely conclusions and are probative of nothing."

*Ligon,* 246 Ga. at 624–25, 272 S.E.2d at 331–32 (citations omitted) (emphasis in original). Since the plaintiffs failed to establish facts outside of the fall which would support negligence, judgment was entered for the defendants. *Ligon,* at 626, 272 S.E.2d at 332; *Colbert,* 175 Ga.App. at 49, 332 S.E.2d at 309; *Ruffin,* at 1194.

As did the plaintiffs in *Ligon, Colbert,* and *Ruffin,* Ogden claims that the Hospital negligently caused Charles's death, because the restroom floor allegedly was slick. According to Ogden's speculation, the hospital employees allegedly failed to properly mop the restroom floor. Negligent mopping allegedly made the floor slick and caused Charles to slip and fall. These speculative allegations constitute the only contentions of negligence made by Ogden. The Hospital, however, presented evidence from the depositions of the five individuals who were in the bathroom before and after Charles was found lying on the floor. All of these witnesses testified that they did not notice any foreign object or defect that would make the floor slick. Furthermore, Zelma Barnes testified that she had not mopped the restroom floor. This testimony was in accord with the hospital policy not to mop on weekends and holidays. This evidence established that the floor was not slick. Therefore, Ogden was required to come forth with specific evidence to place the Hospital's negligence back in issue.

■ As in *Ligon,* Ogden failed to place the slickness of the floor and the Hospital's negligence into issue. Rather, Ogden attempted to rely solely upon the fact that Charles was found lying on the floor to prove slickness and in turn negligence. From this Ogden speculates that a janitor mopped negligently. This Ogden cannot do. Negligence cannot be established by inferential speculation alone. In the present case, one could speculate and infer that Charles was laying on the floor because he fainted and not because he slipped. However, such speculation is improper. Absent factual evidence, negligence cannot be supported by the inferred chain of events. Here, no evidence exists to establish that the floor was slick or slippery. Ogden failed to present any factual evidence which would place in issue

the Hospital's evidence that established a lack of slickness. Since the doctrine of *res ipsa loquitur* is inapplicable to this case, and to most slip and fall cases, *see e.g., Ruffin*, at 1194; *F.W. Woolworth Co. v. Jones* (1955), 126 Ind.App. 118, 130 N.E.2d 672; 62 Am.Jur.2d *Premises Liability* § 204 (1972), Ogden has failed to sustain the burden in opposition to summary judgment. No material issue of fact existed and the Hospital was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment.

Affirmed.

ROBERTSON and NEAL, JJ., concur.