**ELKHART COMMUNITY SCHOOL CORPORATION, Appellant (Defendant Below),**

v.

**William MILLS, Appellee (Plaintiff Below).**

**No. 50A03–8907–CV–318.**

Court of Appeals of Indiana, Third District.

Nov. 29, 1989.

Peter J. Agostino, Edward N. Kalamaros & Associates, South Bend, for appellant.

Douglas A. Crawford, Sweeney, Pfeifer & Blackburn, South Bend, for appellee.

STATON, Judge.

This is an interlocutory appeal by Elkhart Community School Corporation (Elkhart) of the denial by the trial court of its motion for summary judgment.

Elkhart presents us with one issue on appeal: Whether the trial court should have granted Elkhart's Motion for Summary Judgment?

Reversed.

In August of 1984 William Mills purchased a school building from Elkhart. On December 11, 1987, he filed a complaint against Elkhart for breach of contract. In the complaint Mills alleged that Elkhart failed to inform him of the presence of asbestos in the building, and that one of Elkhart's employees represented to him that the building was without defect except for a valve. Elkhart denied these allegations and made a Motion for Summary Judgment. In support of its Motion for Summary Judgment Elkhart submitted the deposition of Richard Lantz, Director of Building Services for Elkhart. Lantz testified that, prior to the sale, he took Mills through the building for an inspection and that he told Mills there was asbestos in the building. Mills did not contradict Lantz's testimony.

■ A purchaser of real property cannot attack the validity of a contract on the grounds of misrepresentation if the purchaser had notice of the problem. *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, 1148. Lantz's deposition provided evidence that Mills was aware of the asbestos prior to his purchase of the building. If the party moving for summary judgment establishes the lack of any genuine issue of material fact the opposing party must present specific facts showing a genuine issue for trial. *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221, 1223. *reh. denied.* Mills failed to controvert Lantz's testimony that Mills had notice of the presence of asbestos; therefore, that fact is admitted. See *Criss* at 1224. Elkhart successfully pierced Mills' pleadings and eliminated the only issue of material fact. Mills had notice of the asbestos and therefore he cannot attack the validity of the contract on the grounds of misrepresentation.

Reversed and remanded to the trial court for proceedings consistent with this opinion.

HOFFMAN and BUCHANAN, JJ., concur.