**Anita HALE and John Hale, Appellants (Plaintiffs Below),**

v.

**COMMUNITY HOSPITAL OF INDIANAPOLIS, INC., Appellee (Defendant Below).**

**No. 29A02–8909–CV–442.**

Court of Appeals of Indiana, Third District.

March 11, 1991.

Glenn E. Davis, Jr., Davis Davis & Langan, Indianapolis, for appellants.

Michael A. Wilkins, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Plaintiffs-appellants Anita Hale and John Hale appeal the granting of summary judgment in favor of defendant-appellee Community Hospital of Indianapolis, Inc. Suit was instituted by the Hales in November 1987 for personal injuries sustained by Anita after she fell at a crosswalk near an entrance to Community. Anita suffered a broken foot which later required surgery.

On February 28, 1989, Community filed its motion for summary judgment. Community relied upon the deposition of Anita and an affidavit executed by a security guard at Community who filed a report at the time of the incident.

On June 8, 1989, a hearing was held on the Hales' motion to strike certain portions of the affidavit and on Community's motion for summary judgment. The court issued its order on July 25, 1989, granting in part the Hales' motion to strike and also granting summary judgment for Community.

The court found that after review of the deposition and the remaining portions of the affidavit 1) that it was uncontroverted that Anita did not know what caused her fall; 2) that Anita's later examination of the area did not reveal a defect which would have caused her fall; 3) that Anita's representation that the crosswalk was "dark" was insufficient to sustain her claim of negligence; and 4) that no genuine issue of material fact existed.

The Hales' issue on appeal may be restated as whether the trial court erred in granting summary judgment for Community by failing to draw inferences from Anita's deposition testimony.

Review of a summary judgment requires an appellate court to use the same standard as the trial court by determining whether a genuine issue of material fact exists, and any doubt in this regard must be resolved in favor of the non-moving party.

*Jackson v. Warrum* (1989), Ind.App., 535 N.E.2d 1207, 1210; *Lee v. Schroeder* (1988) Ind.App., 529 N.E.2d 349, 352.

■ On review, the facts alleged by the opponent to the summary judgment must be taken as true. *Lee, supra,* 529 N.E.2d at 353. However, summary judgment may be proper when conflicting facts and inferences exist as to some elements of a claim if there is no dispute as to facts which are dispositive of the matter. *Id.* at 352.

The Hales correctly note that summary judgment is rarely appropriate in negligence actions.

*Jackson, supra,* 535 N.E.2d at 1210; *Rediehs Exp., Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, 1008, *cert. denied* 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762.

■ However, if the party moving for summary judgment establishes a lack of genuine issues of material fact, the opposing party must present specific facts demonstrating a genuine issue for trial. *Elkhart Community School Corp. v. Mills* (1989), Ind.App., 546 N.E.2d 854, 855. A genuine issue exists if the trial court would be required to resolve disputed facts decisive to the action or to a relevant secondary issue. *Taylor–Chalmers, Inc. v. Bd. of Com'rs* (1985), Ind.App., 474 N.E.2d 531, 532.

■ In the present case, Anita gave deposition testimony in which she repeatedly stated that as she stepped from the curb she felt as though she stepped into a hole. Additionally, Anita stated that it was dark, that she did not see a hole, and that she did not remember seeing any defect before she stepped from the curb. When questioned about the feeling that she had stepped into a hole Anita responded, "It just felt like I was sinking, even though I wasn't basically in a hole." On the day of the deposition, October 14, 1988, Anita returned to the crosswalk to view the area of the fall. Anita observed "bad places" in the curb. She did not know whether the rough areas were present at the time of her fall on November 25, 1985, and she did not know if they caused her fall.

In *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, 902–904, this Court reiterated that negligence cannot be inferred from the mere fact of an accident, absent special circumstances. Further, the Court noted that negligence cannot be established through inferential speculation alone. *Id.* at 903.

In *Wright Corp. v. Quack* (1988), Ind. App., 526 N.E.2d 216, 218–219, this Court reversed a judgment wherein the plaintiff advanced several theories as to what may have caused her fall. Following *Ogden,* the court in *Quack* stated: "[a]bsent factual evidence, negligence cannot be supported by an inferred chain of events and inferential speculation alone cannot establish negligence." *Id.* at 218.

Here, as in *Ogden* and *Quack,* no evidence of negligence has been established or placed at issue. Accordingly, the Hales' claim is based upon speculation and conjecture. Summary judgment was properly entered.

Affirmed.

STATON and BUCHANAN, JJ., concur.