**MIDWEST COMMERCE BANKING COMPANY, Appellant– Defendant,**

v.

**Linda L. LIVINGS, Appellee–Plaintiff.**

No. 20A03–9207–CV–200.

Court of Appeals of Indiana, Third District.

Feb. 17, 1993.

Thomas R. Hamilton, Daniels, Sanders, Pianowski, Hamilton & Todd, Elkhart, for appellant-defendant.

William J. Cohen, Elkhart, for appellee-plaintiff.

GARRARD, Judge.

This is an interlocutory appeal from the denial of defendant's motion for summary judgment.

On August 18, 1989, Linda L. Livings (Livings) was involved in an accident at the Midwest Commerce Banking Company's branch office in Elkhart, Indiana. Livings went to the bank after work around 3:30 P.M. to cash some checks. She went through the drive-thru, but after thinking that the teller had given her too much money, Livings arranged to go inside and have the teller recount the sum.

When Livings went inside she saw queuing ropes suspended by movable posts to guide customers in line while waiting for a teller. The bank was fairly crowded, with some fifteen customers inside, so Livings waited near the front end of the ropes until the drive-thru teller motioned her forward. Livings apparently began to walk around the end of the rope to go toward the teller, but when she started forward she fell, slamming into the teller counter injuring her left leg and left shoulder. The cause of Livings' fall is uncertain. She specu-

lates that she may have tripped on the carpet, or perhaps she was pushed by someone in line. Livings sustained a torn rotator cuff in her left shoulder that required surgery and physical therapy. Her leg healed on its own.

On May 2, 1990, Livings filed suit against Midwest Commerce Banking Co. (Bank) for personal injuries sustained in the August, 1989 accident. After discovery, the Bank filed its motion for summary judgment on October 18, 1991 and the court denied the Bank's motion on June 9, 1992. The Bank then requested and the trial court granted an interlocutory appeal from this denial.

We reverse.

■ The Bank presents one issue which we restate as follows: Whether the trial court erred in denying the Bank's motion for summary judgment when Livings designated no facts to the trial court on a necessary element of her negligence claim.

The Bank filed its motion for summary judgment on October 18, 1991. In its motion the Bank alleged that Livings designated no facts to the trial court on the cause of Livings' fall and therefore no facts were before the trial court on the proximate cause of Livings' injury. The Bank contends that without at least some facts in the designated materials before the trial court supporting all the elements of Livings' negligence claim, summary judgment should be granted against her. We agree.

■ When reviewing a grant or denial of summary judgment, we are limited to the facts designated to the trial court by the parties. *Jackson v. Blanchard* (1992), Ind.App., 601 N.E.2d 411, 415; *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101–02. Indiana Trial Rule 56(C) places the burden on the movant to establish the propriety of granting summary judgment. The moving party must make a prima facie showing that (1) there is no issue as to any material fact, and (2) the movant is entitled to judgment as a matter of law. *Babinchak, supra* at 1101. If both requirements are met, the burden shifts to the nonmoving party to show specific facts which establish the existence of a genuine issue for trial; that is, facts which demonstrate the need for a factfinder to correctly resolve the issues. It is incumbent upon both parties to specifically designate to the trial court the evidence in the pleadings, depositions, answers to interrogatories, admissions on file, affidavits, and testimony upon which they rely. *Id.* Both the trial court and the appellate court cannot look beyond whatever evidence has been designated. *Id.*

■ In addition, in order to recover in negligence, Livings must establish (1) a duty on the part of the Bank to conform its conduct to the standard of care that arises out of its relationship with Livings, (2) a failure on the part of the Bank to conform its conduct to the requisite standard of care required by the relationship, and (3) an injury to Livings proximately caused by the Bank's failure to conform its conduct to the standard of care required. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Absent factual evidence designated to the trial court, negligence will not be inferred. *Hale v. Community Hosp. of Indianapolis, Inc* (1991), Ind.App., 567 N.E.2d 842, 843; *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, 903, *trans. denied*. Indeed, all of the elements of a negligence action must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from such facts. An inference is not reasonable when it rests on no more than speculation or conjecture.

In this case, Livings asks us to speculate on the third element of her action, that her injury was proximately caused by the Bank's failure to conform its conduct to the standard of care required by its relationship with Livings. Even if the queuing ropes were placed in such a way as to cause a potential hazard to invitees and customers of the Bank, Livings was still entrusted with the responsibility of coming forward with some evidence of how this alleged negligence proximately caused her fall and therefore her injury. This she did not do.

The evidence designated to the trial court clearly reveals that Livings did not know what caused her fall. In her answer to interrogatory number three Livings stated that "I was standing by the rope at the end of the line, and the next thing I knew I was into the counter." Livings testified in her deposition that she did not attempt to step over the queuing ropes, that she was beyond the end of the ropes as she waited to see the teller, and did not become entangled in the ropes as she fell nor did she fall on the ropes. In addition, Livings stated:

> Well, I—I was standing by the rope, standing on the carpet there. I had seen her [the teller] come like this (indicating) and I probably had started forward and I don't know, hit the carpet, hit the rug, maybe pushed. (R. 33).

At this point Livings was required to come forward with specific facts that would demonstrate how the placement of the queuing ropes or other allegedly negligent behavior on the part of the Bank caused or contributed to her fall. Instead Livings confirmed the Bank's contentions by admitting, in her response to the Bank's motion for summary judgment, that Livings did not know what caused her fall: "when she stumbled as a result of the flooring change, a jostle from the crowd of other customers confined by the ropes, or a combination of both ..."

■ This court has held that, absent factual evidence, negligence cannot be inferred from the mere fact of an accident. *Hale, supra* at 843; *accord Wright Corp. v. Quack* (1988), Ind.App., 526 N.E.2d 216, 218, *trans. denied.* Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition.

Without any evidence of how or why Livings fell and therefore no evidence on the cause of Livings' injury, Livings failed to meet her burden to come forward with specific facts. Summary judgment ought to have been granted in favor of the Bank.

Based on the foregoing reasons, therefore, we reverse the trial court's denial of summary judgment and remand with instructions to enter judgment in favor of the Bank.

STATON, J., concurs.

SHIELDS, J., concurs in result and files separate opinion.

SHIELDS, Judge, concurring in result.

I concur in result because, while the burden is properly applied, there is *dicta* in the majority decision which, in my opinion, may be misinterpreted as to the burdens the opposing parties face in a summary judgment proceeding. Therefore, I concur in result to emphasize that a nonmoving party does not have any burden whatsoever until and unless the moving party makes a prima face showing that there is no issue as to any material fact and that the movant is entitled to judgment as a matter of law. Only if these two showings are made by the moving party does the burden shift to the nonmoving party to show specific facts which establish the existence of a genuine issue for trial.