**SCOTT COUNTY FAMILY YMCA, INC., Appellant–Defendant,**

v.

**James E. HOBBS, Appellee–Plaintiff.**

No. 72A01–0310–CV–420.

Court of Appeals of Indiana.

Sept. 16, 2004.

Derek L. Mandel, Zachary J. Stock, Indianapolis, for Appellant.

John W. Mead, Salem, for Appellee.

**OPINION**

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

Defendant–Appellant Scott County YMCA, Inc. (the "YMCA") appeals from

the trial court's denial of its motion for summary judgment in a suit filed by Plaintiff–Appellee James E. Hobbs. We reverse and remand with instructions.

## ISSUE

The YMCA raises one issue for our review, which we restate as: Whether Hobbs designated sufficient evidence to establish a genuine issue of material fact on the question of whether the YMCA breached its duty of reasonable care.

## FACTS

On November 21, 2000, Hobbs fell near a shower stall that was adjacent to the YMCA's men's locker room. He subsequently filed a complaint in which he alleged that the YMCA "failed to properly maintain the surface condition of the floor, or to warn users of its dangerous condition." (R. 8). Hobbs further alleged that the YMCA's "failure to maintain the floor resulted in a slippery surface causing [Hobbs] to fall and become injured." *Id.* The YMCA responded by filing a motion for summary judgment, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Id.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* If the designated facts demonstrated by the moving party have sustained the "initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial." *Bushong v. Williamson*, 790 N.E.2d 467, 474 (Ind.2003). "If the opposing party fails to meet its responsive burden, the court shall render summary judgment." *Id.* This court may sustain a summary judgment on any theory supported by the designated evidence. Indiana Trial Rule 56(C).

■ In the present case, the YMCA designated evidence in the form of an affidavit by YMCA employee Lisa Green. Green averred that she was alerted that Hobbs had fallen, she went to the locker room to check on him, and she examined the floor area where he fell. Appellant's App. at 46. Green stated that "[t]he floor surface was flat and dry and contained no moisture, debris, foreign substances, puddles or standing water." *Id.* She further stated that "[t]he floor surface did not have any visible physical defects."

The YMCA also designated portions of Hobbs' deposition. In the deposition, Hobbs stated that he did not see any water or any type of foreign substance on the floor. *Id.* at 51–53. He also stated that he did not observe any defects in the floor. *Id.* at 53. He further stated that "[I] just felt like I hit something wet and it just, it just slipped . . . like you slip on ice or something." *Id.* at 54.

■ "Negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Community Hospital of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind.Ct.App.1991). The evidence designated by the YMCA in support of its motion for summary judgment was sufficient to meet the YMCA's initial burden of showing that there was no genu-

ine issue of material fact that would allow a trier of fact to find anything more than a "mere accident" and that the YMCA was entitled to judgment as a matter of law. Accordingly, the responsive burden was placed upon Hobbs to show that a genuine issue of material fact did indeed exist.

In response to the YMCA's summary judgment motion, Hobbs designated evidence to show that approximately four months before his fall there were stains on the floor in front of the vanities in the YMCA locker room. The floor was "getting spots on it like coating coming off. Other places look like bubbles." Appellant's App. at 87. Approximately three months before Hobbs' fall, these stains were sanded and patched "as best we could" by a local contractor. *Id.* at 85.

This court has decided two cases that have facts similar to this case. In *Hale,* the plaintiff gave deposition testimony that as she stepped from the curb at a crosswalk near the defendant's entrance "she felt as though she stepped into a hole." 567 N.E.2d at 843. The plaintiff testified that it was dark, and she did not see a hole or any other defect in the sidewalk. *Id.* The plaintiff further testified that she did observe some defects approximately three years after the fall. *Id.* This court, after noting that negligence cannot be inferred from the mere fact of an accident, held that the plaintiff's claim was based upon "speculation and conjecture" and that a grant of summary judgment for the defendant was warranted. *Id.*

In the earlier case of *Wright Corp. v. Quack,* 526 N.E.2d 216 (Ind.Ct.App.1988), the plaintiff slipped and fell as she was walking across a tile floor in a beauty college. A beauty college employee testified that she saw nothing on the floor that could have caused the fall, and other witnesses testified that no water, hair, or other foreign object was on the floor near the plaintiff's fall. The plaintiff presented evidence that the beauty school students "were known to have had water fights with spray bottles in the past," and hair and water "would sometimes accumulate near the washbasins and haircutting stations." *Id.* at 218. The defendant appealed from a jury verdict in favor of the plaintiff, and this court reversed. In our opinion, we noted that even though there had been previous water fights and hair or water accumulations, there was no evidence to indicate that any foreign substance was on the floor at the time of the plaintiff's fall. We held that "considering the evidence and all reasonable inferences therefrom most favorably to [the plaintiff], reasonable men could not conclude that [the defendant] was negligent … negligence cannot be established by inferential speculation alone." *Id.* at 218–19. We noted that "[f]alling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go." *Id.* at 218 (quoting *Ogden Estate v. Decatur County Hospital,* 509 N.E.2d 901, 903 (Ind.Ct.App. 1987)).

Considering all the evidence from Hobbs' point of view, we conclude that designated evidence presented by Hobbs does not meet the responsive burden of showing that there is a genuine issue of material fact that warrants presentation of this case to the jury or that he is entitled to judgment as a matter of law. Hobbs' designated evidence shows that months before his fall, flooring that may or may not be around the area of his fall was in need of repair and that it was patched by a local contractor. From this evidence, a trier of fact could find negligence only by engaging in prohibited inferential speculation. When this evidence is considered in conjunction with Hobbs' deposition testimony and the affidavit of the YMCA employee that there was nothing wrong with the

floor at the time of the injury, it becomes even clearer that, as in *Wright,* a finding of negligence could only occur if the jury "jumped the gap from reason to speculation." *See Wright,* 526 N.E.2d at 219.

■ In response to Hobbs' complaint, the YMCA chose to defend upon alternative theories, one a simple denial of Hobbs' allegations and another a comparative fault/non-party defense alleging that parties other than the YMCA are liable for the damages resulting from Hobbs' injuries. With reference to the comparative fault/non-party defense, the YMCA stated that "[a]ny amount claimed by Plaintiff as compensatory damages, if the claim for such amount is not entirely barred, must be diminished proportionately by Plaintiff's comparative fault, and by the comparative fault of [named] non-parties...." Appellant's App. at 27. After the trial court's dismissal of the non-parties from the case, the YMCA filed its "Objection To Dismissal of Crawford Laboratories, Inc., Floor Pro, Inc., Koetter Construction, Inc. and Dura–Flex, Inc.," in which the YMCA stated that "[i]nvestigation done to this date indicates that the four above-referenced co-defendants' acts or omissions proximately caused some or all of Plaintiff's alleged damages." *Id.* at 76. Hobbs designated the YMCA's objection as "evidence" and argued that it constitutes an admission. Hobbs cites *Heck v. Selig,* 134 Ind.App. 336, 188 N.E.2d 118, 120 (1963), *Silvestro v. Walz,* 222 Ind. 163, 51 N.E.2d 629, 634 (1943), and related cases in support of his argument.

The cases cited by Hobbs in support of his argument refer to admissions made in pleadings or motions for judgment on the pleadings. The term "pleadings" is defined as (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, and (5) a third-party answer. Indiana Trial Rule 7(A); *Metropolitan Real Estate Corp. v. Frey,* 480 N.E.2d 267, 271 (Ind.Ct.App.1985). The motion designated by Hobbs is neither a pleading nor a motion for judgment on the pleadings. Accordingly, the cases do not support Hobbs' argument.

Furthermore, we note that the Indiana Rules of Trial Procedure contemplate and authorize inconsistent, alternative claims. *See* T.R. 8(E)(2); *Reeder v. Harper,* 788 N.E.2d 1236 (Ind.2003). The motion filed by the YMCA and designated by Hobbs was filed in furtherance of and to protect the YMCA's alternative claim. Any statements contained in the motion should be read in the context of this alternative claim. To do otherwise, would be to elevate form over substance.

### CONCLUSION

The trial court erred in denying the YMCA's motion for summary judgment. We reverse and remand with instructions that the trial court enter summary judgment for the YMCA.

SULLIVAN, J., and ROBB, J., concur.