**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN P. NICHOLS**
Anderson & Nichols
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**KYLE A. LANSBERRY**
**THERESA R. PARISH**
Lewis Wagner, LLP
Indianapolis, Indiana



FILED

Feb 24 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SASHA SLATER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 28A05-1104-CT-207 |
| | ) | |
| RIDINGER ENTERPRISES, INC., d/b/a | ) | |
| SHAKAMAK IGA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-0905-CT-226

**February 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Sasha Slater fell and was injured while shopping at the Shakamak IGA. Slater sued, and IGA moved for and was granted summary judgment on the ground Slater did not provide evidence of what caused her fall. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The facts favorable to Slater, the non-moving party, are that in March of 2008, Slater fell as she was walking through the laundry aisle toward the front of the store. Slater did not know whether she saw water on the floor before she fell, but when she sat up after falling, she was cold and her back and buttocks felt wet. She saw water on the floor around her and felt it with her hands. Slater testified she is five feet one inch tall, and the wet area was "about half the size of me." (App. at 44.) An ambulance was summoned, and the paramedics noticed Slater was "in a puddle of water."[1] (*Id.*) Someone from the store told Slater the roof had been leaking. Slater testified she saw at least four buckets in various areas of the store before she fell, including one near the end of the laundry aisle. There was water in some of the buckets and before she fell Slater saw a sign near the end of the laundry aisle that she thought said "Wet Floor" or "Caution – Wet Floor." (*Id.* at 45.)

---

[1] In its Statement of Facts, IGA presents in detail Slater's testimony that she saw no water on the floor *before* she fell and that she did not know why she fell. But it does not acknowledge her testimony she was wet after she fell and the paramedics noticed she was in a puddle of water. We remind IGA's counsel that a Statement of Facts "shall describe the facts relevant to the issues presented for review" and "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed." Ind. Appellate Rule 46. On review of a summary judgment, we accept as true those facts alleged by the non-moving party, we construe the evidence in favor of the non-moving party, and we resolve all doubts against the moving party. *Sees v. Bank One, Indiana, N.A.*, 839 N.E.2d 154, 160 (Ind. 2005). IGA's statement does not comply with that standard, and we admonish counsel to abide by that rule in future appeals.

A party is entitled to summary judgment on demonstrating there is no genuine issue of fact as to a determinative issue, unless the non-moving party comes forward with contrary evidence showing an issue of fact for trial. *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 185-86 (Ind. 2010). A reviewing court construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Id.* at 186. A *de novo* standard of review applies where the dispute is one of law rather than fact. *Id.*

A summary judgment is presumed valid, and the appellant has the burden to demonstrate the summary judgment was erroneous. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000). However, we must carefully assess the trial court's decision to ensure the non-movant was not improperly denied her day in court. *Id.*

Negligence will not be inferred; rather, specific factual evidence, *or reasonable inferences that might be drawn therefrom*, on each element must be designated to the trial court. *Id.* An inference is not reasonable when it rests on no more than speculation or conjecture. *Id.* Slater offers more than speculation or conjecture, and the evidence she presented gives rise to a reasonable inference there might have been negligence.

IGA cites a number of decisions it asserts stand for the proposition that if a plaintiff cannot explain how or why an accident happened, she is offering only "inferential speculation." (Br. of Appellee, Ridinger Enterprises, Inc. d/b/a/ Shakamak IGA (hereinafter

3

"IGA Br.") at 4).  She cites *Hayden*; *Ogden Estate v. Decatur County Hosp.*, 509 N.E.2d 901 (Ind. Ct. App. 1987), *reh'g denied*, *trans. denied*; *Wright Corp. v. Quack*, 526 N.E.2d 216 (Ind. Ct. App. 1988), *trans. denied*; *Scott County Family YMCA, Inc. v. Hobbs*, 817 N.E.2d 603 (Ind. Ct. App. 2004); and *Taylor v. Cmty. Hosps. of Ind., Inc.*, 949 N.E.2d 361 (Ind. Ct. App. 2011).  All those decisions are distinguishable.

The trial court relied on *Hayden*, where "[t]he evidence designated to the trial court clearly reveals [Hayden] did not know what caused his fall."  731 N.E.2d at 458.  Hayden alleged in his complaint that he slipped and fell on snow and ice on Paragon's property.  But he testified in his deposition that he did not see any snow on the pavement where he fell and that he did not know whether there was any ice in the area.  He testified it was his "belief" that he slipped on ice and that he "suspects" he slipped on "something."  *Id*.  No one witnessed the fall.  Hayden said in his deposition that he did not recall the pavement being slippery before he fell.

We noted that absent some factual evidence, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition.  *Id*.  As there was no evidence on how or why Hayden fell, he was "relying on speculation and conjecture to explain the proximate cause of his injuries. The Haydens were required to come forward with specific facts that demonstrate the existence of a negligent condition that caused [Hayden's] fall and, therefore, his injuries." *Id*. at 458-59.  As they did not, Paragon was entitled to judgment as a matter of law.  *Id*. at 459.

4

In *Ogden Estate,* the estate relied solely on the fact that Ogden was found lying on the floor to prove slickness and, in turn, negligence. "From this Ogden speculates that a janitor mopped negligently. This Ogden cannot do. Negligence cannot be established by inferential speculation alone." 509 N.E.2d at 903. As there was no evidence the floor was slick or slippery, Ogden could not place in issue the Hospital's evidence that established a lack of slickness. *Id.* at 903-04.

In *Wright Corp.*, 526 N.E.2d at 217-18, Quack alleged Wright's negligence caused her to slip and fall, but she did not prove there was a foreign substance on the floor or that Wright negligently treated or maintained its floors. Quack did not know why she fell, and Wright's employees testified there was no water other foreign object on the floor where Quack fell.

In *Scott County Family YMCA*, Hobbs stated he did not see water or any foreign substance on the floor and did not observe any defects in the floor. He further stated that "[I] just felt like I hit something wet and it just, it just slipped . . . like you slip on ice or something." 817 N.E.2d at 604. A YMCA employee was alerted that Hobbs had fallen, and she examined the area where he fell. She said the floor was flat and dry with "no moisture, debris, foreign substances, puddles or standing water," *id.,* and the floor did not have any visible physical defects. We once again noted negligence cannot be inferred from the mere fact of an accident, and determined YMCA met its initial burden to show there was no genuine issue of material fact that would allow a trier of fact to find anything more than a mere accident. Accordingly, the burden was placed on Hobbs to show there was a genuine

5

issue of material fact, *id*. at 604-05, and Hobbs did not meet that burden. *Id*. at 605.

Finally, IGA offers *Taylor*, where we found Taylor could offer "only conjecture that the floor was slippery or wet" when she fell: "she infers that something was on the Hospital's floor because she fell. She, however, admits that she neither saw nor felt anything on the floor prior to *or in the moments after* her fall." 949 N.E.2d at 366 (emphasis added).

The case before us is distinguishable, as Slater, unlike the plaintiffs in every decision on which IGA relies, did offer evidence from which an inference could be drawn that she fell because the floor was wet and IGA therefore might have been negligent.[2] The case before us is controlled by *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992), and *Golba v. Kohl's Dept. Store, Inc.*, 585 N.E.2d 14 (Ind. Ct. App. 1992), *reh'g denied, trans. denied*.

In *Barsz*, Mrs. Barsz testified in her deposition that she "slipped on something that was like I was outside on ice or maybe it was grease." 600 N.E.2d at 153. Mrs. Barsz did not specifically identify the object or defect that caused her fall, but she did testify that she slipped on "something." We determined a finding of negligence therefore would not require "inferential speculation," *id*., because Barsz's testimony, if believed, would establish there was a foreign object on the floor. *Id*. We noted evidence a water glass was found on the floor in the area where Mrs. Barsz fell. Mrs. Barsz did not specifically allege she slipped on

---

[2]  IGA argues we should not consider that evidence because it is inadmissible hearsay. An affidavit that would be inadmissible at trial may be considered at the summary judgment stage of the proceedings if the substance of the affidavit would be admissible in another form at trial. *Reeder v. Harper*, 788 N.E.2d 1236, 1241-42 (Ind. 2003). As the hearsay Slater offers could presumably be admitted at trial by direct testimony of other witnesses, we decline IGA's invitation to disregard all the evidence that supports an inference there was water on the floor.

a water glass, but Shapiro presented testimony demonstrating that potentially hazardous object was on the floor:

> Since all reasonable inferences are drawn in favor of the opponents to a motion for summary judgment, a court could reasonably infer that Mrs. Barsz slipped on the glass itself, pieces of the broken glass, or liquid that spilled from the glass. Drawing all inferences in the light most favorable to the Barszes, the conclusion that Mrs. Barsz has raised a genuine issue of material fact concerning the existence of an object on or defect in Shapiro's floor is inescapable.

*Id.* (citation omitted).

In *Golba,* we reversed summary judgment in favor of Kohl's. We found Golba created a material factual issue relating to causation when she testified she slipped on a small rounded object. Under these circumstances, a finding of negligence would not require "inferential speculation" because "there *is* evidence of a defect in or on the floor -- Golba's testimony." *Id.* at 17.

Slater's testimony, like that of Barsz, could support a reasonable inference the floor was wet where she fell. While Slater testified she did not know why she fell, she designated evidence she was wet immediately after she fell, IGA's roof was leaking, and paramedics found her in a puddle of water. As we draw all reasonable inferences in favor of the opponent to a motion for summary judgment, here Slater, we hold Slater has created a genuine issue of material fact concerning the existence of a defect on IGA's floor. Summary judgment was therefore error, and we reverse and remand.

Reversed and remanded.

NAJAM, J., and RILEY, J., concur.

7