## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2019, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Christopher G. Stevenson
D. Bruce Kehoe
Wilson Kehoe Winingham, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Andrew B. Miller
Starr Austen & Miller LLP
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Reham Al-Sinan,

*Appellant-Plaintiff,*

v.

Blackbird Farms Apartments, LLC and WH Long Rentals, Inc.,

*Appellees-Defendants.*

November 6, 2019

Court of Appeals Case No. 19A-CT-1236

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No. 79D01-1604-CT-56

**Bradford, Judge.**

# Case Summary

[1] On March 3, 2015, Reham Al-Sinan was injured after she fell and hit her head outside her apartment in the Blackbird Farms apartment complex. Reham filed suit against Blackbird Farms and WH Long Rentals, Inc. (collectively, "Blackbird"), alleging that (1) Blackbird breached the duty it owed her by negligently failing to keep the public walkways and entry areas clear of hazardous conditions and (2) she was injured as a result of Blackbird's negligence. Blackbird filed a motion for summary judgment, which was granted by the trial court. Reham challenges the trial court's order granting Blackbird's motion on appeal. Concluding that an issue of material fact remains as to whether Blackbird breached its duty to Reham, we reverse the trial court's order granting Blackbird's motion for summary judgment and remand to the trial court for further proceedings.

# Facts and Procedural History

[2] Reham leased an apartment at Blackbird from August of 2013 to August of 2015. Between 7:15 and 7:30 on the morning of March 3, 2015, Reham slipped and fell on the service ramp connected to the entry area of her apartment. Reham called 911 and was transported to the hospital for treatment.

[3] On April 8, 2016, Reham filed suit against Blackbird, arguing that Blackbird breached the duty it owed her by negligently failing to keep its sidewalks, public

walkways, and entry areas clear of ice and snow. Reham further argued that she was injured as a result of Blackbird's negligence.

[4] On February 6, 2019, Blackbird filed a motion for summary judgment. Reham filed a response in opposition to Blackbird's motion after which Blackbird filed a reply in support of its motion for summary judgment and a motion to strike an expert report designated by Reham. The trial court conducted a hearing on the pending motions on April 22, 2019, after which it issued orders granting Blackbird's motions for summary judgment and to strike.

# Discussion and Decision

[5] > The purpose of summary judgment is to terminate litigation about which there can be no dispute and which may be determined as a matter of law. Our standard of review is the same as that of the trial court. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. For summary judgment purposes, a fact is "material" if it bears on ultimate resolution of relevant issues. In negligence cases, summary judgment is rarely appropriate because such cases are particularly fact sensitive and are governed by a standard of the objective reasonable person-one best applied by a jury after hearing all of the evidence. Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim.

*Harradon v. Schlamadinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009) (internal citations omitted).

[6]     In order for a lessee to recover from a landlord on a theory of negligence, the lessee must show a duty on the part of the landlord and a breach of that duty. *Zimmerman v. Moore*, 441 N.E.2d 690, 693 (Ind. Ct. App. 1982). In asserting that Blackbird was negligent, Reham contends that it had a duty to keep the property's walkways in a safe condition; Blackbird failed to remove dangerous conditions, *i.e.*, ice; and she was injured as a result of Blackbird's negligence. For its part, Blackbird does not dispute that it owed Reham a duty but rather claims that it did not breach the duty it owed to Reham.

[7]     The mere allegation of a fall is insufficient to establish negligence. *Taylor v. Cmty. Hosps. of Ind., Inc.*, 949 N.E.2d 361, 364 (Ind. Ct. App. 2011). In this case, however, Reham did not merely allege that she fell. Reham's deposition testimony, which was designated to the court, indicates that on the morning Reham fell, "[i]t was pretty cold" and Reham observed that the steps by the front entry area of her building "looked slippery and icy." Appellant's App. Vol. II p. 56. Reham attempted to avoid the area that "looked slippery" by walking on a nearby service ramp that "didn't look slippery." Appellant's App. Vol. II p. 61. However, despite her attempt to avoid the allegedly hazardous area, she slipped and fell "as soon as [she] stepped on" the service ramp. Appellant's App. Vol. II p. 61. Reham indicated that although she did not see ice on the service ramp where she fell, she assumed she slipped on ice.

[8]     In support of its motion for summary judgment, Blackbird denies that the ramp where Reham fell was icy and focuses on Reham's statement that she did not see ice on the ramp, arguing that her assumption that she fell on ice amounts to

nothing more than inferential speculation. While we agree that inferential speculation alone cannot establish negligence, *see Wright Corp. v. Quack*, 526 N.E.2d 216, 218 (Ind. Ct. App. 1988), Reham's claim is not based on inferential speculation alone. According to her deposition testimony, Reham observed icy conditions in the immediate area and attempted to avoid what appeared to be the most hazardous of these locations. Reham's deposition testimony alone is sufficient to create an issue of material fact as to whether Blackbird breached its duty to keep its walkways clear of hazardous conditions. As such, the trial court erred by granting summary judgment in favor of Blackbird.[1]

[9] The judgment of the trial court is reversed and the matter is remanded for further proceedings.

Vaidik, C.J., and Riley, J., concur.

---

[1] Given that we conclude that Reham's designated deposition testimony created a genuine issue of material fact as to whether Blackbird breached its duty to Reham, we need not discuss the other evidence designated by the parties or consider whether the trial court abused its discretion in excluding Reham's proffered expert report from the designated evidence.