**James HAYDEN and Barbara Hayden,**
**Appellants–Plaintiffs,**

**v.**

**PARAGON STEAKHOUSE d/b/a Tippe-**
**canoe Place Restaurant and Land-**
**mark Solliday Landscaping, Appel-**
**lees–Defendants.**

No. 71A03–0001–CV–43.

Court of Appeals of Indiana.

June 29, 2000.

Daniel H. Pfeifer, Jon A. Criss, South Bend, Indiana, Attorneys for Appellants.

Don G. Blackmond, Lynn M. Butcher, South Bend, Indiana, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Plaintiffs–Appellants James Hayden (James) and Barbara Hayden (Barbara) (collectively "the Haydens") appeal the trial court's grant of summary judgment in favor of Defendant–Appellee Paragon Steakhouse, Inc. d/b/a Tippecanoe Place Restaurant (Paragon).[1]

We affirm.

The Haydens present one issue for our review which we restate as: whether the trial court erred in granting summary judgment in favor of Paragon.

On February 17, 1996, the Haydens were eating dinner at the Tippecanoe Place Restaurant. James exited the restaurant to retrieve the car and fell, breaking his wrist. The Haydens then filed suit against Paragon claiming that James had slipped and fallen on snow and ice that had not been properly cleared or salted by Paragon. Paragon filed a motion for summary judgment asserting that James could provide no evidence as to the cause of his fall. The trial court granted Paragon's motion, and this appeal ensued.

On appeal, we apply the same standard as the trial court when reviewing a grant or denial of summary judgment. *Askren Hub States Pest Control Services, Inc. v. Zurich Insurance Co.*, 721 N.E.2d 270, 274 (Ind.Ct.App.1999). The granting of summary judgment requires two factors be fulfilled: (1) the designated evidentiary material shows that there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). If the moving party meets these two requirements, the burden then shifts to the nonmovant to respond with specifically desig-

---

1. The trial court also granted summary judgment in favor of Defendant Landmark Solli-day Landscaping; however, it is not a party to this appeal.

nated facts which establish the existence of a genuine issue for trial. *Interstate Cold Storage, Inc. v. General Motors Corp.*, 720 N.E.2d 727, 729 (Ind.Ct.App.1999), *trans. denied.* On review, we may not search the entire record to support the judgment, but may only consider that evidence which was specifically designated to the trial court. *Askren*, 721 N.E.2d at 274. A presumption of validity clothes a trial court's grant of summary judgment, and the appellant has the burden of demonstrating to this Court that the trial court's grant of summary judgment was erroneous. *Bunch v. Tiwari*, 711 N.E.2d 844, 848 (Ind.Ct.App. 1999). However, we must carefully assess the trial court's decision to ensure the non-movant was not improperly denied his day in court. *Id.*

■ The tort of negligence consists of three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) injury to the plaintiff proximately caused by that breach. *Bloemker v. Detroit Diesel Corp.*, 720 N.E.2d 753, 756 (Ind.Ct.App.1999), *reh'g denied.* Negligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court. *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind.Ct. App.1993). However, an inference is not reasonable when it rests on no more than speculation or conjecture. *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind.Ct.App.1993).

■ In the present case, the Haydens contend that the trial court improperly entered summary judgment in favor of Paragon. Particularly, the Haydens assert that they presented sufficient evidence from which a jury could determine the cause of James' fall and that Paragon knew or should have known of the allegedly icy conditions of its parking lot.

The Haydens invite us to speculate as to the cause of James' fall. The evidence designated to the trial court clearly reveals that James did not know what caused his fall. Although James alleges in his complaint that he slipped and fell on snow and ice on Paragon's property, he testified in his deposition that he did not see any snow on the pavement where he fell and that he did not know whether there was any ice in the area. James further testified that it is his "belief" that he slipped on ice and that he "suspects" he slipped on "something." (Supp.R.30). Moreover, no one witnessed James' fall, and, although Barbara states that James showed her the spot where he fell and it was covered with ice, James testified that he did not recall showing anyone the area where he fell. Additionally, James stated in his deposition that upon exiting the restaurant he did not recall the pavement being slippery prior to his fall. Most telling is James' answer to these questions:

Q: Do you have any other facts that support your belief that this was what you call black ice?

A: None other than the fact that my feet went out from underneath me and I went up in the air and fell down.

(Supp.R.32).

Q: Do you have any idea what—strike that. Do you have have [sic] any idea what your feet slipped in that caused you to fall?

A: Are you calling for speculation on my part?

Q: I'm just asking if you know. And I'm not asking you to speculate.

A: I don't know for sure.

(Supp.R.30).

■ As a panel of this Court has previously stated in *Midwest*, absent some factual evidence, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition. 608 N.E.2d at 1013. Without any evidence on how or why James fell, the Haydens are relying on speculation and conjecture to explain the

proximate cause of his injuries. The Haydens were required to come forward with specific facts that demonstrate the existence of a negligent condition that caused James' fall and, therefore, his injuries. They have failed to meet this burden. Paragon is entitled to judgment as a matter of law.

Additionally, the Haydens argue that they presented sufficient evidence to show that Paragon knew or should have known of the allegedly icy conditions. Because we conclude that the Haydens are unable to fulfill one of the three requirements for a cause of action in negligence, their claim fails, and we need not address this additional argument.

Based upon the foregoing, we affirm the trial court's grant of summary judgment.

Affirmed.

DARDEN, J., concurs. SULLIVAN, J., concurs in result.