**Amy KINCADE and Rick Kincade,**
**Appellants–Plaintiffs,**

v.

**MAC CORPORATION, Paul I. Cripe,**
**and Muller Welding Company, Inc.,**
**d/b/a Muller Rentals, Appellees–Defendants.**

**No. 49A02–0201–CV–8.**

Court of Appeals of Indiana.

Aug. 26, 2002.

D. Robert Webster, Bamberger & Fei-bleman, Indianapolis, IN, Attorney for Appellants.

Jeffrey S. Zipes, Matthew L. Hinkle, Coots Henke & Wheeler, P.C., Carmel, IN, Attorneys for Appellee MAC Corporation.

Julia Blackwell Gelinas, James Dimos, Allison S. Avery, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellee Paul I. Cripe, Inc.

Rodney Tucker, Christopher M. Keefer, Law Offices of Citizens Insurance, Indianapolis, IN, Attorneys for Appellee Muller Welding Company, Inc., d/b/a Muller Rentals.

## OPINION

KIRSCH, Judge.

Amy Kincade ("Amy") and Rick Kincade ("Rick") (collectively "the Kincades") appeal the trial court's grant of summary judgment in favor of three defendants, MAC Corporation (MAC), Paul I. Cripe (Cripe), and Muller Welding Company, Inc., d/b/a Muller Rentals (Muller) (collectively "the defendants"), on the Kincades' negligence claim. The Kincades raise six issues; however, we find dispositive the following: whether there was a genuine issue of material fact concerning whether any of the defendants proximately caused Amy's injuries.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 21, 1997, Amy was working at the Kroger store in Fishers, Indiana. Near the end of her twelve-hour shift, at approximately 11:30 p.m., Amy sustained injuries when she fell on steps leading to the store's trash compactor.

The compacting device is located at the rear exterior of the store. In order to access it and dispose of trash, one must ascend a pre-cast set of two concrete stairs leading to a concrete platform three and one-half feet by four feet in size. At the time of the accident, the platform had no handrails. A steel door allows access to a chute and the compactor. To open the door, an individual would remove a pin with one hand and open the steel door with the other hand. Upon removal of the pin, the door then would spring open three to four inches toward the person. Because the platform did not provide enough room for the person to stand and open the door simultaneously, the individual was required to step back to the first stair below the platform when opening the steel door.

On the day she was injured, Amy had reached the top of the platform and had pulled out the pin, while holding the door closed with the other hand. She started to take a step back to open the steel door, which was still shut, when her feet slid out from under her, and she fell backward down the two steps sustaining injuries.

Amy filed a negligence suit, asserting that the trash compactor system was in-

herently and unreasonably dangerous as it was designed, installed, constructed, and/or maintained and that as a proximate result she suffered damages. Her husband, Rick, claimed a loss of services and consortium. The Kincades named as defendants, among others, MAC, the manufacturer of the trash compactor, Muller, the installer of the trash compactor system, including the chute and steel door, and Cripe, the architectural firm that provided design services to Kroger for the construction of its Fishers store. Sometime after the installation of the compactor system, Kroger hired Keen Specialty Company ("Keen") to install the set of pre-cast stairs and platform that led to the steel door. Keen employed Rick, who installed the set of stairs upon which his wife was later injured.

MAC and Cripe each moved for summary judgment, and the court granted their motions after hearing. Thereafter, Muller moved for summary judgment, which the trial court likewise granted.

## DISCUSSION AND DECISION

The Kincades assert that the trial court erred in granting summary judgment to each of the defendants. On appeal, we apply the same standard as the trial court when reviewing a grant or denial of summary judgment. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 457 (Ind.Ct. App.2000). The granting of summary judgment requires that the moving party establish two factors: (1) the designated evidentiary material shows that there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Hayden*, 731 N.E.2d at 457. If the moving party meets these two requirements, the burden then shifts to the non-movant to respond with specifically designated facts that establish the existence of a genuine

issue for trial. *Hayden*, 731 N.E.2d at 457–58. A presumption of validity clothes a trial court's grant of summary judgment, and the appellant has the burden of demonstrating to this court that the trial court's action was erroneous. *Id.* at 458. However, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied his day in court. *Id.*

▮▮ In this case, the trial court entered summary judgment on the Kincades' negligence claim. The tort of negligence consists of three elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; and (3) injury to the plaintiff proximately caused by that breach. *Id.* Negligence will not be inferred; rather, all of the elements of a negligence action must be supported by specific facts designated to the trial court or reasonable inferences that might be drawn from those facts. *Id.* (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind.Ct.App.1993)). An inference is not reasonable when it rests on no more than speculation or conjecture. *Id.*

▮▮ A negligence action is generally not appropriate for disposal by summary judgment. *Miller*, 626 N.E.2d at 541. However, a defendant may obtain summary judgment in a negligence action when the undisputed facts negate at least one element of the plaintiff's claim. *U-Haul Int'l, Inc. v. The Mike Madrid Co.*, 734 N.E.2d 1048, 1052 (Ind.Ct.App.2000), *trans. denied* (2001). While proximate cause is generally a question of fact, it becomes a question of law where only a single conclusion can be drawn from the facts. *City of Indianapolis Housing Auth. v. Pippin*, 726 N.E.2d 341, 347 (Ind. Ct.App.2000); *Basicker ex rel. Johnson v. Denny's, Inc.*, 704 N.E.2d 1077, 1080 (Ind. Ct.App.1999), *trans. denied.*

The Kincades allege that each defendant breached a duty of care to Amy, and, further, that a factual dispute exists as to the proximate cause of the accident, thereby precluding summary judgment. While there may be a factual dispute as to what caused Amy's injuries, there is no question of fact as to whether any of the defendants caused her injuries. Because we find there is no evidence that the defendants proximately caused the accident, we do not reach the Kincades' duty or breach arguments.

A review of the designated materials [1] reveals that Amy did not know what caused her fall. On some occasions, she testified that she fell on the stairs in apprehension of the steel door opening toward her, *Appellants' Appendix* at 158, 226, and, similarly, that the manner in which the door opened caused her to fall. *Id.* at 277. *See also id.* at 259–60; *Transcript of 8–6–01* at 18; *Transcript of 12–3–01* at 7. Amy also explained that while there was nothing on the bottom of her work boots at the time of the incident that may have caused her fall, the stairs had a tendency to "get stuff all over them." She testified:

Q  Do you know whether there was any type of water or foreign substance on the platform that caused your feet to slip out from under you?

A  I can't recall for sure, but the stairs were nasty.

*Appellants' Appendix* at 275. Amy admitted that by the time of the accident, she

"was getting tired." *Id.* at 291. Near the conclusion of her deposition, Amy testified:

Q  There were [sic] a whole lot of questioning about you slipping. I was listening carefully and it sounds to me like you're not really sure what caused your feet to slip out from under you, is that fair to say?

A  I did not step off onto the top step.

Q  Sure, I understand.

A  That's all I remember. I don't know if there was something on the stairs, on the platform that created my feet to slide or, you know.

Q  So it's fair to say you don't know exactly what caused your feet to slip out from under you?

A  Correct.

*Id.* at 297. Amy is thus speculating that the defendants, or any of them, caused her injuries. However, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition. *Hayden,* 731 N.E.2d at 458.

The evidence before us establishes that the proximate cause was the pre-cast platform and stairs. Although questions of fact arise whether it was the size, design, installation, placement, maintenance, or some other fault or failure of the platform and stairs, none is material because none of the three defendants had any role in the steps or platform. MAC manufactured the trash compacting device and sold it in 1993 to Muller, which in 1996 installed it,

---

**1.** Although one of the Kincades' briefs in opposition to summary judgment refers to "Plaintiffs' Designation of [E]vidence," *Appellants' Appendix* at 163, and the chronological case summary reflects that the Kincades filed a "revised designation of evidence," *id.* at 11, 12, the record before us does not include any designation of evidence filed by the Kincades. However, because the Kincades' briefs in opposition to summary judgment identify and refer to portions of depositions, interrogatory answers, and affidavits, which appear in the parties' various appendices, and these are presumably the same pleadings and evidence that would or did appear in a separate designation, we are able to review the evidence claimed to preclude summary judgment.

along with a power unit, steel door, latching device, and chute pursuant to Kroger's instructions and specifications. *Muller Appendix* at 10. Kroger accepted Muller's work. Kroger subsequently installed the set of pre-cast cement stairs via Rick's labor at Keen. Rick installed the stairs at Kroger's instruction and direction. *Appellants' Appendix* at 317, 320, 323. Cripe provided the architectural, structural, civil, mechanical, electrical, and plumbing design services to Kroger for its new Fishers store. However, its plans did not specify the type of compactor, "the precise location" for the compactor, or call for a stair assembly leading to it. Rather, it merely outlined a general area for a trash compactor to be placed.[2] *Cripe Appendix* at 85.

We conclude that no question of material fact exists as to whether Amy's injuries, and thus Rick's derivative injuries, were proximately caused by any action or inaction on the part of any of the three defendants. Because of the lack of proximate cause linking any one of the three defendants to Amy's injuries, the trial court properly granted summary judgment in favor of MAC, Cripe, and Muller.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

---

**2.** Although Rick's Affidavit refers to blueprints as being attached to his affidavit, *Appellants' Appendix* at 253, we do not have in the record before us Cripe's plans, or any other blueprints prepared by any other entity.