NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 2, 2007
Decided December 10, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3976

| | |
|---|---|
| ROSE A. ADKINS, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the |
| | Southern District of Indiana, |
| *v.* | Indianapolis Division. |
| MEIJER STORES LIMITED PARTNERSHIP, | No. 05 C 1422 |
| *Defendant-Appellee.* | John Daniel Tinder, *Judge*. |

**O R D E R**

On a September day in 2004, 77-year-old Adkins and her daughter, Monta Riggs, exited a Meijer store on East Washington Street in Indianapolis, after a shopping trip. In the parking lot, they unloaded two carts' worth of groceries into Riggs' car. Ms. Adkins then joined the two empty carts together, one nestled inside the other. As she pushed the carts toward a cart corral, the first cart got loose. As it rolled threateningly toward a truck, Adkins gave chase and ran after it.

The next thing she knew, she was on the pavement. She had fallen, breaking her shoulder in two places, fracturing her nose, and sustaining a bump on her head.

Adkins described her experience colorfully:

A    So while I was going trying to get [the cart], there was something under my feet. I don't know what it was, but it was just like I was picked up and throwed. It was like I was throwed inside of a dry swimming pool.

Q    What was under your foot?

A    I don't know. It was just – I don't know. There was something. It was underneath there. Something threw me.

Riggs didn't see the fall but immediately rushed to her mother's side after she saw her on the ground. Mother and daughter were soon joined by a Meijer employee, store detective Kevin Paicely, Jr.

After an ambulance arrived to take Adkins to the hospital, Paicely photographed the scene. The pictures showed that several cracks in the parking lot had been patched and sealed. One photo showed a piece of paper in the parking lot, but Paicely did not remember seeing any paper near Adkins when he originally approached her. The day after the accident, Adkins' granddaughter took additional photos of the area.

Adkins brought a negligence action against Meijer in Indiana state court, claiming that a crack in the grocery store parking lot caused her to fall. Meijer removed the case to the United States District Court for the Southern District of Indiana where, after discovery, Meijer moved for summary judgment.

In its motion, Meijer argued that Adkins couldn't prove that it breached its duty of reasonable care to her or that a crack in the pavement caused her to fall. District Judge John Daniel Tinder agreed and granted Meijer's motion. Adkins v. Meijer Stores Ltd. P'ship, 2006 WL 2916834 (S.D. Ind. 2006). Adkins appeals from this judgment and, for the reasons that follow, we affirm.

We review the district court's grant of summary judgment de novo, Steen v. Myers, 486 F.3d 1017, 1021 (7th Cir. 2007), viewing the record in the light most favorable to the nonmoving party (here, Adkins), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To succeed on her negligence claim, Adkins must prove that Meijer owed her a duty, that it breached that duty, and that she suffered an injury that was proximately caused by Meijer's breach. Hayden v. Paragon Steakhouse, 731 N.E.2d 456, 458 (Ind. App. 2000). Each element

of Adkins' negligence claim must be supported by specific factual evidence or by reasonable inferences from those facts. Id. at 458.

Meijer acknowledges that Adkins suffered a severe injury. Also, Meijer admits that it owed Adkins, an invitee, the duty to exercise reasonable care. See Burrell v. Meads, 569 N.E.2d 637, 639 (Ind. 1991).

We agree with Meijer, however, that Adkins cannot establish that her fall was caused by cracks or uneven patching in Meijer's parking lot. Adkins was not looking at the ground as she fell; she was looking at the runaway cart. She could not know and was unable to say what, if anything, caused her to fall:

> Q       Your lawsuit says that there was a crack in the concrete that caused your fall?
>
> A       Well, I guess that's what the pictures might have shown that [my] granddaughter took.

Adkins relies on the parking lot's condition to "circumstantially" establish causation, which she cannot do. Even if we assume that Meijer's parking lot was in disrepair, posing a danger to customers, causation may not be inferred merely from the existence of an allegedly negligent condition. Hayden, 731 N.E.2d at 458.

Adkins' testimony doesn't get her over the threshold. She cryptically testified that "something under [her] feet" "threw [her]." The lack of specificity in this testimony distinguishes Adkins' statements from those made by plaintiffs whose cases survived summary judgment. See, e.g., Barsz v. Max Shapiro, Inc., 600 N.E.2d 151, 152 (Ind. App. 1992) (plaintiff claimed that she slipped on something that felt like ice or grease); Golba v. Kohl's Dep't Store, Inc., 585 N.E.2d 14, 17 (Ind. App. 1992) (plaintiff believed she slipped when her heel landed on a round object like a small stone or a BB pellet). Adkins' testimony reflects no direct connection between an identified defect (even an ill-defined defect) and her resulting injury.

Significantly, even Adkins skips a step in her presentation of the facts, repeatedly stating in her brief that she suffered a "trip" and fall in Meijer's parking lot. Adkins, however, never testified that she tripped or caught her foot in a groove or crack in the pavement. When Adkins examined photos of the scene, she could not pinpoint the location of her fall. For this reason, we do not know whether she stepped in or near a crack in the lot. Finally, no one witnessed Adkins' fall.

The defects in this evidence are beyond repair. To conclude from the evidence Adkins has introduced that her fall was proximately caused by cracks or uneven patching or any other negligent condition in Meijer's parking lot would require impermissible speculation. A

reasonable factual inference cannot rest on speculation or conjecture alone.  <u>Hayden</u>, 731 N.E.2d at 458.

Our responsibility to interpret the evidence in the light most favorable to Adkins does not require us to fill in evidentiary gaps that Adkins has left wide open.  Because Adkins has introduced insufficient evidence to prove proximate cause--an essential element of her case--Meijer was entitled to summary judgment.

The judgment of the district court is AFFIRMED.