**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 19 2014, 10:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW M. GOLITKO**
JARED A. HARTS
Golitko & Daly PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT J. PALMER**
May Oberfell Lorber
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTENA SEIFRIED, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1305-CT-435 |
| | ) | |
| DUKES HEALTH SYSTEM, LLC, | ) | |
| d/b/a DUKES MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1007-CT-32539

**February 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Christina Seifried appeals a grant of summary judgment in favor of Dukes Health System, LLC d/b/a Dukes Memorial Hospital (the Hospital) in Seifried's action for personal injuries allegedly suffered as a result of her fall in the Hospital. Seifried presents the following restated issue for review: Did the trial court err in granting summary judgment in favor of the Hospital?

We reverse and remand.

The facts favorable to Seifried, the nonmoving party, are that on April 14, 2010, Seifried was walking to a diabetes class on the Hospital's premises when she slipped and fell. Seifried was walking at the time with the class's diabetes instructor, Elizabeth Wolfe. Wolfe described Seifried's fall as ending with Seifried having one leg straight and the other bent under her in a "hurdler" position. *Appellant's Appendix* at 86. According to Seifried, she "did the splits and … went right on my bottom." *Id.* at 67.

On July 23, 2010, Seifried filed a complaint for damages against the Hospital alleging that her fall was caused by the Hospital's negligence, listing four specific allegations of negligence, including: failing to provide a safe environment for its business invitees; creating a hazardous condition for its business invitees; failing to discover and remedy the hazardous condition; and failing to warn of the hazardous condition. On September 25, 2012, the Hospital filed a motion for summary judgment on grounds that Seifried did not know how or why she fell, and thus there was no evidence as to causation. Seifried filed a motion in opposition to the Hospital's motion for summary judgment as well as a cross-motion for partial summary judgment on the question of duty. The trial court conducted a hearing, after

2

which it issued a two-page order granting the Hospital's motion for summary judgment and finding Seifried's motion for partial summary judgment thereby moot. After considering the evidence designated by the parties, the court held there was a failure of proof as to the element of causation. The order granting summary judgment stated:

> 3. Under Indiana law, negligence is not inferred from the mere fact of an accident.
>
> 4. More specifically, causation may not be inferred merely from an allegedly negligent condition. … No inference of causation may be made when it rests on no more than speculation or conjecture.
>
> 5. The uncontroverted evidence establishes that Plaintiff cannot establish causation without speculation and improper inference.

*Id.* at 7 (citations to authority omitted). Seifried appeals this order.

We apply the same standard as the trial court when reviewing its ruling on a motion for summary judgment. *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154 (Ind. 2005). A party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Our review is limited to those materials designated to the trial court. T.R. 56(H); *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154. We will accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party. *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154. A trial court's grant of summary judgment is clothed with a presumption of validity, and the appellant bears the burden of demonstrating that the grant of summary judgment was erroneous. *W.S.K. v. M.H.S.B.*, 922 N.E.2d 671 (Ind. Ct. App. 2010).

Seifried's action against the Hospital sounds in negligence. She can recover under this theory only if she establishes that the Hospital breached a duty owed to her, and that said breach was the proximate cause of her injuries. *See Peters v. Forster*, 804 N.E.2d 736 (Ind. 2004). To avoid summary judgment, Seifried must establish specific facts that support an inference that Hospital was negligent. *Id.* Therefore, she must demonstrate (1) there was an object on or defect in the Hospital's floor that caused her to slip and fall, and (2) the Hospital unreasonably failed to discover and remedy the hazardous condition. *See Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151 (Ind. Ct. App. 1992).

The trial court ruled that Seifried failed to present evidence from which a jury could reasonably find in Seifried's favor on the element of causation. As the trial court put it: "The uncontroverted evidence establishes that Plaintiff cannot establish causation without speculation and improper inference." *Appellant's Appendix* at 115.

As indicated above, causation is an essential element of a negligence claim. The injurious act must be both the proximate cause and the cause in fact of an injury. *Correll v. Indiana Dep't of Transp.*, 783 N.E.2d 706 (Ind. Ct. App. 2002), *trans. denied.* "Generally, causation, and proximate cause in particular, is a question of fact for the jury's determination." *Id.* at 707 (quoting *Bush v. N. Ind. Pub. Serv. Co.,* 685 N.E.2d 174, 178 (Ind. Ct. App. 1997), *trans. denied*). "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person – one best applied by a jury after hearing all of the evidence." *Countrymark Coop., Inc. v. Hammes*, 892 N.E.2d 683, 688 (Ind. Ct. App. 2008), *trans. denied* (quoting *Rhodes v. Wright*, 805

4

N.E.2d 382, 385 (Ind. 2004)) (explaining why summary judgment is rarely appropriate in negligence cases).

In support of its motion for summary judgment, the Hospital designated testimony given by Seifried in a deposition. In that testimony, Seifried admitted that she did not know what she slipped on. "Whatever was on the floor it was – my foot just kept sliding on it." *Appellant's Appendix* at 34. More specifically, she stated:

> Q. So they were soaking – they – you said the floor may have been damp?
>
> A. Yes. Something was wet because my foot was slipping and a [sic] couldn't stop it. So I figured it was just you know, wet.
>
> Q. Wet in that spot?
>
> A. Yeah.
>
> Q. 'Cause you didn't see – you're just basing it on the fact that you slipped there?
>
> A. Yes. I didn't see – actually it all happened to [sic] quick. I didn't see anything and then when it happened I was in such extreme pain I didn't recall lookin' around to see if it was mopped or what.

*Id.*

The Hospital contends on appeal that this evidence as to causation is similar to the evidence upon which summary judgment was affirmed in *Hayden v. Paragon Steak House*, 731 N.E.2d 456 (Ind. Ct. App. 2000). We summarized that evidence as follows:

> The evidence designated to the trial court clearly reveals that James did not know what caused his fall. Although James alleges in his complaint that he slipped and fell on snow and ice on Paragon's property, he testified in his deposition that he did not see any snow on the pavement where he fell and that he did not know whether there was any ice in the area. James further testified that it is his "belief" that he slipped on ice and that he "suspects" he slipped on

5

"something." (Supp.R.30). Moreover, no one witnessed James' fall, and, although Barbara states that James showed her the spot where he fell and it was covered with ice, James testified that he did not recall showing anyone the area where he fell. Additionally, James stated in his deposition that upon exiting the restaurant he did not recall the pavement being slippery prior to his fall. Most telling is James' answer to these questions:

> Q: Do you have any other facts that support your belief that this was what you call black ice?
> A: None other than the fact that my feet went out from underneath me and I went up in the air and fell down.
> Q: Do you have any idea what—strike that. Do you have have [sic] any idea what your feet slipped in that caused you to fall?
> A: Are you calling for speculation on my part?
> Q: I'm just asking if you know. And I'm not asking you to speculate.
> A: I don't know for sure.

*Id*. at 458 (internal citations to record omitted). This court affirmed summary judgment upon its conclusion that, "absent some factual evidence, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition." *Id*. We conclude that this case differs from *Hayden* because there is evidence from which the factfinder might infer that the Hospital floor upon which Seifried fell was wet and that such was the cause of Seifried's fall.

Seifried was walking with Hospital employee Elizabeth Wolfe when she fell. It was about 10 a.m. Hospital employee Pam Tyler testified that she mopped the area where Seifried fell "shortly before" 10 a.m. *Appellant's Appendix* at 74. Although Seifried apparently did not remember seeing them, Wolfe testified that she saw "caution wet floor" signs in the area at the time of Seifried's fall. Finally, Seifried testified that after she fell, her clothes "were all damp and wet." *Id.* at 69.

This designated evidence reveals that Seifried's claim that she slipped and fell because

6

the floor was wet was premised upon more than just the fact of her falling. Someone from the maintenance staff provided sworn testimony that she had mopped in that area shortly before Seifried's fall, which in turn was corroborated by designated evidence that "caution wet floor" signs were still in the area. Moreover, Seifried's clothes were damp after the fall. This corroborative evidence renders this situation fundamentally different than the situation before the court in *Hayden*.

Accordingly, the designated evidence creates a question of fact as to whether the floor was wet where Seifried fell, and whether that condition was a proximate cause of her fall. Therefore, the trial court erred in granting summary judgment in favor of the Hospital on the issue of causation.[1]

Judgment reversed and remanded.

KIRSCH, J., and BAILEY, J., concur.

---

[1] Seifried also contends the trial court erred in denying her motion for partial summary judgment on the question of duty. In denying the motion, the trial court explained, "Having granted Defendant's Motion for Summary Judgment, Plaintiff's Cross Motion is DENIED as moot." *Id*. at 7. In other words, Seifried's motion for partial summary judgment as to duty was rendered moot based upon the trial court's ruling that the designated evidence did not establish the existence of a question of fact with respect to the element of causation. Thus, the trial court did not rule upon this motion on its merits. We presume, based upon our ruling on the element of causation, that the question of duty is no longer moot. Therefore, without expressing an opinion one way or the other on the merits of Seifried's motion, we remand for the trial court to address it on the merits.