**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEREMY S. BABER**
Stewart & Stewart Attorneys
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES,
Liberty Dialysis, Inc., Liberty Dialysis-
Lebanon, LLC

**JASON A. SCHEELE**
**ERIC M. BLUME**
Rothberg Logan & Warsco, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES,
Witham Memorial Hospital and
NLMP, INC.

**CHRISTOPHER L. RIEGLER**
**KIMBERLY A. EMIL**
Hall Render Killian Heath & Lyman, P.C.
Indianapolis, Indiana



FILED

Apr 15 2014, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICIA LESLIE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1309-CT-400 |
| | ) | |
| LIBERTY DIALYSIS, INC., LIBERTY | ) | |
| DIALYSIS-LEBANON, LLC., WITHAM | ) | |
| MEMORIAL HOSPITAL, and NLMP, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

April 15, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Patricia Leslie appeals the grant of summary judgment for Liberty Dialysis, Inc., and Liberty Dialysis - Lebanon, Inc., (collectively "Liberty") and the grant of summary judgment for Witham Memorial Hospital ("Witham") and NLMP, Inc., ("NLMP"). We affirm in part, reverse in part, and remand.

## Issues

Leslie raises one issue, which we restate as:

I.   whether summary judgment for Liberty is proper based on lack of causation; and

II.  whether summary judgment for Witham and NLMP is proper based on immunity and lack of duty.

## Facts

In 2010, Leslie was undergoing dialysis treatments at Liberty in Lebanon. The property where Liberty was located was owned by NLMP and leased to Witham. Liberty subleased a portion of the property from Witham. Leslie arrived for an appointment early in the morning on January 16, 2010. When she got out of her car, she slipped and fell in the parking lot, injuring her knee.

Leslie filed a complaint against Liberty, Witham, and NLMP alleging that she fell on ice that the defendants negligently failed to remove. After Leslie was deposed, Liberty filed a motion for summary judgment asserting that Leslie was unable to establish with sufficient specificity what caused her to fall. Leslie responded, and Liberty replied.

Witham and NLMP also moved for summary judgment in a joint motion. They too asserted that Leslie could not establish what caused her to fall. They also claimed that Witham was immune from liability under the Indiana Tort Claims Act ("ITCA") and that NLMP did not owe Leslie a duty of care because NLMP was not in control of the premises pursuant to the terms of its lease with Witham. Leslie responded to these arguments.

After a hearing, the trial court granted summary judgment for Liberty, Witham, and NLMP. Leslie now appeals.

**Analysis**

"We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court." Perdue v. Gargano, 964 N.E.2d 825, 831 (Ind. 2012). "[S]ummary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). Our review of summary judgment is limited to evidence designated to the trial court. Id. (citing T.R. 56(H)). All facts and reasonable inferences drawn from the evidence designated by the parties is construed in a light most favorable to the non-moving party, and we do not defer to the trial court's legal determinations. Id.

3

"'The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law.'" Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind. 2003) (citation omitted). Once the moving party has sustained its burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the opposing party must designate specific facts establishing a genuine issue for trial. Id. "If the opposing party fails to meet its responsive burden, the court shall render summary judgment." Id.

The tort of negligence has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach. Rhodes v. Wright, 805 N.E.2d 382, 385 (Ind. 2004). "Summary judgment is therefore appropriate when the undisputed material evidence negates one element of a claim." Id.

## I. *Summary Judgment for Liberty*

Leslie contends that there are genuine issues of material fact on the issue of causation that preclude summary judgment. Liberty claims that summary judgment was proper because Leslie cannot say with specificity what caused her to slip and fall. Indeed, we have stated that negligence will not be inferred; "rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, on each element must be designated to the trial court." Hayden v. Paragon Steakhouse, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (emphasis omitted). Further, "an inference is not reasonable when it rests on no more than speculation or conjecture." Id.

4

In Hayden, James Hayden fell in a restaurant parking lot and broke his wrist. The Haydens sued the restaurant claiming James slipped on snow and ice that had not been properly cleared by the restaurant. The restaurant sought summary judgment on the basis that James could provide no evidence as to the cause of his fall. After the trial court granted the motion for summary judgment, the Haydens appealed. We affirmed the grant of summary judgment because the designated evidence "clearly reveal[ed] that James did not know what caused his fall." Id. We explained that, although the Haydens' complaint alleged that he fell on snow and ice, James testified in his deposition that he did not see any snow where he fell and did not know whether there was ice in the area. Id. James also testified to his "belief" that he slipped on ice and that he suspected he slipped on something. Id. There were no witnesses to James's fall, and he stated that he did not recall the pavement being slippery prior to his fall. We also considered James's answers to these questions:

> Q: Do you have any other facts that support your belief that this was what you call black ice?
>
> A: None other than the fact that my feet went out from underneath me and I went up in the air and fell down.
>
> Q: Do you have any idea what—strike that. Do you have have [sic] any idea what your feet slipped in that caused you to fall?
>
> A: Are you calling for speculation on my part?
>
> Q: I'm just asking if you know. And I'm not asking you to speculate.
>
> A: I don't know for sure.

5

Id. (citations omitted) (alteration in original).

We reiterated that "absent some factual evidence, negligence cannot be inferred from the mere fact of an accident, and causation may not be inferred merely from the existence of an allegedly negligent condition." Id. (citing Midwest Commerce Banking Co. v. Livings, 608 N.E.2d 1010, 1013 (Ind. Ct. App. 1993)). Finally, we concluded:

> Without any evidence on how or why James fell, the Haydens are relying on speculation and conjecture to explain the proximate cause of his injuries. The Haydens were required to come forward with specific facts that demonstrate the existence of a negligent condition that caused James' fall and, therefore, his injuries. They have failed to meet this burden.

Id. 458-59.[1]

Pointing to certain parts of Leslie's deposition testimony, Liberty argues, "Without testimony as to what caused her fall, the Plaintiff cannot establish the element of proximate causation without resorting to speculation or guess which is prohibited under the holding in Hayden." Appellee Liberty's Br. p. 17. Liberty relies on Leslie's testimony that the roads were clear that morning, that there was no snow on the ground, that she did not know if she looked down at the parking lot before she fell and did not look at it after she fell, that she could not describe exactly how she fell, and that she could

---

[1] The parties cite several other slip and fall cases in which causation was at issue. See St. Mary's Med. Ctr. of Evansville, Inc., v. Loomis, 783 N.E.2d 274 (Ind. Ct. App. 2002); Midwest Commerce Banking Co. v. Livings, 608 N.E.2d 1010, 1011 (Ind. Ct. App. 1993); Ogden Estate v. Decatur Cnty. Hosp., 509 N.E.2d 901 (Ind. Ct. App. 1987); Friedrich v. Menard, Inc., 3:10CV529, 2012 WL 5988875 (N.D. Ind. Nov. 28, 2012); and Weaver v. United Parcel Serv. Co., 1:08-CV-0265-TAB-SEB, 2009 WL 3163145 (S.D. Ind. Sept. 29, 2009). However, because of the fact specific nature of these claims and the varying procedural postures, those cases are of limited value in determining whether the evidence is sufficient to create a reasonable inference that Leslie slipped on ice.

6

not say with certainty or swear to it that she slipped on ice. Although these portions of

Leslie's testimony might not establish causation, Leslie also testified:

> Q Can you describe for me how you landed when you fell?
>
> A I think I landed on my knee, but I'm not really sure. I don't - - it was very quick.
>
> Q So you think you landed on your knee, but you're not sure. Do you know what caused you to fall?
>
> A It was black ice.
>
> Q How do you know that if you don't know how you fell?
>
> A When the ladies came to try and get me up off the ground, they were sliding. And they brought the wheelchair and lifted me into the wheelchair.
>
> * * * * *
>
> Q Earlier you said that you thought there was black ice because the ladies that came to help were sliding?
>
> A Yes.
>
> Q Is that the ladies from the nursing home or the ladies from Liberty?
>
> A When they tried to - - well, I know when they tried to pick me up off the ground, they had to wait till the ladies got another person, because they were sliding, and they couldn't get enough traction to hold me up.
>
> * * * * *
>
> Q You remember seeing some women sliding?
>
> A Yes.

7

App. pp. 110, 112. Leslie also testified that her clothes were damp where she had been sitting after the fall. When questioned if she knew whether the dampness was caused by water, ice, or snow, Leslie explained that it could have been caused by "[a]nything wet and cold." Id. at 113. She also testified that it was "wintertime" when the accident occurred and that she did not trip over anything. Id. at 108.

This evidence taken in the light most favorable to Leslie, the non-movant, supports a reasonable inference that is based on more than speculation and conjecture that Leslie slipped on ice. Unlike in Hayden, this reasonable inference is sufficient to create a genuine issue of material fact for trial. Accordingly, the trial court improperly granted Liberty's motion for summary judgment.[2]

## II. Summary Judgment for Witham and NLMP

Like Liberty, Witham and NLMP argued that they were entitled to summary judgment because Leslie could not say what caused her to fall. As we have already explained, Leslie's designated evidence created a reasonable inference that she slipped on ice. Thus, summary judgment on this basis would not have been proper. However, our analysis does not end there.

Unlike Liberty,[3] Witham and NLMP presented additional bases for summary judgment. See App. pp. 86-89. They asserted that Witham was immune from liability under ITCA and that NLMP did not owe Leslie a duty because it did not control the

---

[2] Because Leslie's deposition testimony created the reasonable inference that she slipped on ice, we need not address the parties' arguments about whether the inconsistencies in Leslie's answers to interrogatories and her deposition testimony create a genuine issue of fact for trial.

[3] Liberty's motion for summary judgment was based solely on causation.

premises. When the trial court granted Witham and NLMP's motion for summary judgment it did not specify the basis for doing so. On appeal, Leslie does not address the issues of immunity or duty and erroneously claims that the defendants "solely argued [she] failed to establish the element of proximate cause." Appellant's Br. p. 6.

It is well-settled that "the trial court's judgment arrives on appeal 'clothed with a presumption of validity,'" and the party challenging the grant of summary judgment "'bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law.'" Williams v. Tharp, 914 N.E.2d 756, 762 (Ind. 2009) (quoting Rosi v. Bus. Furniture Corp., 615 N.E.2d 431, 434 (Ind. 1993)). Without any argument regarding the issues of immunity and lack of duty by Leslie on appeal, she has not established that Witham and NLMP were not entitled to summary judgment on these bases. We must conclude that the trial court's entry of summary judgment for Witham and NLMP was proper.

**Conclusion**

Because the designated evidence supports a reasonable inference that Leslie slipped on ice, the grant of summary judgment for Liberty was improper. As for Witham and NLMP, however, Leslie has made no argument that they were not entitled to summary judgment on the alternate theories relating to immunity and lack of duty. In the absence of any such argument, she has not established that the entry of summary judgment for Witham and NLMP was improper. We affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and CRONE, J., concur.