NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2021[*]
Decided November 29, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1628

| | |
|---|---|
| LEONA STACK and JAMES STACK, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CV-310-MGG |
| MENARD, INC., *Defendant-Appellee*. | Michael G. Gotsch, Sr., *Magistrate Judge*. |

**O R D E R**

Leona Stack tripped and fell over something—she does not know what—while shopping at a Menards home-improvement store in Mishawaka, Indiana. She and her husband, James Stack, sued Menard, Inc., for negligence and loss of consortium. Applying Indiana law under its diversity jurisdiction, the district court entered

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

summary judgment for the defendant. The district court correctly ruled that the Stacks did not furnish evidence that a defect in the store caused her fall, so we affirm.

We describe the record in the light most favorable to the Stacks. *See Bishop v. Air Line Pilots Ass'n Int'l*, 5 F.4th 684, 693 (7th Cir. 2021). While shopping at Menards, Leona spotted a candy cane decoration in a seasonal aisle. That aisle's floor had vinyl planks that overlaid, and rose about 1/4 inch above, the store's normal floor. As she made her way from the main section to the seasonal aisle, her eyes remained "fixed" on the decoration. When she reached for the candy cane, located at the very beginning of a seasonal aisle, she felt the top of her right foot catch on "something" and fell, fracturing her pelvis and elbow.

Leona "did not notice what made [her] fall," and no one else saw the fall. James, who was about twenty feet away, rushed over when he heard his wife yell. She told him that she did not know what caused her to trip. While she waited for the store to provide her with a wheelchair, James observed that the vinyl plank flooring in the seasonal aisle rose slightly above the main flooring. Their son returned the next day to take photographs. Leona could not confirm that the photographs accurately represented the flooring at the time of her fall, but this is one of the photographs:



After the Stacks sued Menard for negligence and loss of consortium, the case ran into problems. Their attorney withdrew because the Stacks did not trust his advice. Unsuccessful mediation followed, during which the Stacks, now pro se, rejected two settlement offers. Later, the district court entered summary judgment for Menard on the negligence claims. It explained that the Stacks offered no triable evidence suggesting that a defect in Menard's flooring caused Leona Stack's fall: Leona testified at her deposition that she did not know what caused her fall, her husband did not see the fall, and the photographs from a day later did not capture the condition of the flooring at the time of the fall. For two reasons, it excluded the Stacks' post-deposition assertion in an affidavit that the rise in the vinyl planking caused Leona's fall. First, having sworn in the affidavit that they did not see what caused Leona's fall, they lacked the personal knowledge needed for the assertion. Second, the assertion inexplicably contradicted Leona's prior deposition testimony that she "did not notice" what caused her fall. The court also entered summary judgment for Menard on James's loss-of-consortium claim because that claim depended on the negligence claim. Finally, the court granted Menard's motion to strike the Stacks' sur-reply, which they filed without leave, and denied the Stacks' motion for relief from mediation costs.

On appeal, the Stacks argue that summary judgment was improper. To survive summary judgment on their negligence claims under Indiana law, the Stacks must furnish admissible evidence from which a jury could find that Leona's injury was caused by Menard's breach of a duty it owed them. *Megenity v. Dunn*, 68 N.E.3d 1080, 1083 (Ind. 2017). We will assume that Menard owed and breached a duty not to leave a slightly raised line of flooring at the start the seasonal aisle. The Stacks contend that because Leona fell while heading into the seasonal aisle, near the raised line that James later saw and his son photographed, a jury could infer that this line caused the fall. Menard counters that, with no one having observed the fall, a jury would have to speculate about its cause.

Juries may not infer causation from the mere fact of a fall or from the existence of an alleged defect. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000). Nor may they speculate about a cause. *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 861 (Ind. Ct. App. 2021). Thus, plaintiffs who lacked eyewitness observations of the cause of their falls have lost at summary judgment. *See, e.g., Taylor v. Cmty. Hosps., Inc.*, 949 N.E.2d 361, 366 (Ind. Ct. App. 2011) (plaintiff neither saw nor felt any liquid on the floor before or after her fall); *Hayden*, 731 N.E.2d at 458 (plaintiff did not see any ice in the area; he merely "suspect[ed]" that he slipped on ice); *Scott Cnty. Family YMCA, Inc. v. Hobbs*, 817 N.E.2d 603, 604–05 (Ind. Ct. App. 2004) (plaintiff did not see liquid on floor

at time and place of fall, thus undercutting his assertion that he thought "something wet" had tripped him). Plaintiffs may get to trial with first-hand observations made at the time of the fall from which a jury could reasonably infer its cause. *See, e.g., Barsz v. Max Shapiro, Inc.*, 600 N.E.2d 151, 153 (Ind. Ct. App. 1992) (plaintiff felt "ice" or "grease," and a broken water glass was found nearby); *Golba v. Kohl's Dept. Store, Inc.*, 585 N.E.2d 14, 17 (Ind. Ct. App. 1992) (plaintiff asserted that she slipped on a small, rounded object such as a small stone or BB pellet).

On this record, a jury could not rationally determine the cause of Leona's fall. Leona tripped on "something" near the vinyl flooring, but no one, including Leona (whose eyes were, by her own admission, fixed on a decoration), saw what caught her foot. True, a single line of raised flooring was present near the place she fell, but a jury may not infer causation from the mere proximity of a defect. *See Midwest Com. Banking Co. v. Livings,* 608 N.E.2d 1010, 1012–13 (Ind. Ct. App. 1993). With no one having seen the cause of the fall, a jury would have no way to know whether Leona's shoe caught on the line of raised flooring, the main floor, the flat part of vinyl flooring, or something else nearby. Furthermore, the district court permissibly excluded the Stacks' post-deposition affidavit asserting that the line between the floorings caused the fall. We review that evidentiary ruling for abuse of discretion. *See Kopplin v. Wis. Central Ltd.*, 914 F.3d 1099, 1102 (7th Cir. 2019). The court reasonably ruled that, because the Stacks' affidavit also included a sworn statement that they did not see what tripped Leona, they lacked the personal knowledge required under Rule 56(c)(4) of the Federal Rules of Civil Procedure to assert the fall's cause. Likewise, the affidavit's unexplained contradiction with Leona's prior deposition testimony that she "did not notice" what caused her fall further justified the exclusion. *See Kopplin*, 914 F.3d at 1102.

We thus conclude that the district court properly entered summary judgment for Menard on the negligence claims. It also follows that the court properly entered summary judgment on James's loss-of-consortium claim; a loss-of-consortium claim fails when an injured spouse's claim loses on the merits. *City of Columbus v. Londeree*, 145 N.E.3d 827, 837 (Ind. Ct. App. 2020).

Two issues remain. First, the district court did not abuse its discretion when it granted Menard's motion to strike the Stacks' sur-reply. Menard did not raise any new issues justifying the need for a sur-reply, so the court reasonably denied leave to file it. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n.2 (7th Cir. 2010). Second, the district court did not abuse its discretion when it denied the Stacks' motion for relief from mediation costs. The Stacks argue that Menard mediated in bad faith. But bad

faith means dishonesty, *Stoehr v. Yost*, 765 N.E.2d 684, 687 (Ind. Ct. App. 2002), and the Stacks have not presented any evidence of dishonesty.

AFFIRMED