## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Faultless
Craig Kelley & Faultless, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Tammy J. Meyer
Ary Avnet
Metzger Rosta, LLP
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Diana Gilkey,

*Appellant-Plaintiff,*

v.

Mac's Convenience Stores, LLC, d/b/a Circle K,

*Appellee-Defendant*

June 26, 2018

Court of Appeals Case No. 40A01-1712-CT-2823

Appeal from the Jennings Superior Court

The Honorable Gary L. Smith, Judge

Trial Court Cause No. 40D01-1604-CT-6

**Crone, Judge.**

# Case Summary

Diana Gilkey fell and was injured shortly after exiting a convenience store owned by Mac's Convenience Stores, LLC, d/b/a Circle K ("Circle K"). She filed a negligence action against Circle K, claiming that she fell because of Circle K's failure to properly maintain its sidewalk in a reasonably safe condition. The trial court granted Circle K's motion for summary judgment, and Gilkey now appeals, claiming that genuine issues of material fact preclude summary judgment. We affirm.

# Fact and Procedural History

One afternoon, Gilkey entered Circle K to prepay for gasoline and purchase soft drinks. Minutes later, she exited the store carrying three large soft drinks. After she went through the door, she walked a few feet to her left on the front sidewalk, preparing to return to the pump where she had parked her vehicle, and then stepped out toward the parking lot. When she saw a truck approaching the curb, she stepped backward and fell and injured her left arm and shoulder.

Gilkey filed a negligence action against Circle K, asserting that a portion of the concrete was chipped and cracked, and that she suffered injuries as a proximate result of Circle K's alleged failure to maintain the concrete surface in a reasonably safe condition or its failure to warn her of its allegedly defective condition. Circle K filed a motion for summary judgment, accompanied by a memorandum and designated evidence, which included Gilkey's deposition

and responses to interrogatories, a security camera videotape, and an eyewitness's affidavit. Gilkey filed a motion in opposition to summary judgment, accompanied by a memorandum and designated materials, i.e., the complaint, excerpts from her deposition, and photographs of the front of the convenience store. Circle K filed a reply to Gilkey's motion in opposition. After a hearing on Circle K's motion, the trial court issued an order granting summary judgment in favor of Circle K. Gilkey now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[4] Gilkey contends that the trial court erred in granting summary judgment in favor of Circle K. We review a summary judgment de novo, applying the same standard as the trial court and drawing all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated at the summary judgment stage. *Haegert v. McMullan*, 953 N.E.2d 1223, 1229 (Ind. Ct. App. 2011). Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C).

[5] The moving party bears the initial burden of demonstrating the "absence of any genuine issue of fact as to a determinative issue." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). Then the burden shifts to the nonmoving party to "come

forward with contrary evidence" showing a genuine issue for the trier of fact. *Id*. at 762. The nonmoving party cannot rest upon the allegations or denials in the pleadings. *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005). In *Hughley*, our supreme court emphasized that the moving party bears an onerous burden of affirmatively negating an opponent's claim. 15 N.E.3d at 1003. This approach is based on the policy of preserving a party's day in court, thus erring on the side of allowing marginal cases to proceed to trial on the merits rather than risking the short-circuiting of meritorious claims. *Id*. at 1003-04.

[6] In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied* (2009). Rather, we must accept as true those facts established by the designated evidence favoring the nonmoving party. *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309-10 (Ind. Ct. App. 2014), *trans. denied*. A trial court's grant of summary judgment arrives on appeal clothed with a presumption of validity. *Williams*, 914 N.E.2d at 762. We may affirm a grant of summary judgment on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

[7] Gilkey's underlying action is one for negligence. To recover on a theory of negligence, a plaintiff must establish three elements:

> (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).

[8] Gilkey bases her negligence action on premises liability, maintaining that Circle K breached its duty of reasonable care for her safety as an invitee on the property and thereby proximately caused her injuries. *See Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991) (landowner owes invitee a duty to exercise reasonable care for her safety while she is on landowner's premises, which includes maintaining and inspecting property and warning invitee of unreasonable risk of harm). Where such actions involve the grant or denial of summary judgment, "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, on each element must be designated to the trial court." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000). "[A]n inference is not reasonable when it rests on no more than speculation or conjecture." *Id.* "The mere allegation of a fall is insufficient to establish negligence, and negligence cannot be inferred from the mere fact of a fall." *Taylor v. Cmty. Hosps., Inc.*, 949 N.E.2d 361, 364 (Ind. Ct. App. 2011) (quoting *Hall v. Eastland Mall*, 769 N.E.2d 198, 206 (Ind. Ct. App. 2002)).

[9] In *Taylor*, a woman slipped and fell by a hospital elevator while carrying food from the hospital's cafeteria to her husband's room. 949 N.E.2d at 362. There were no eyewitnesses to her fall. *Id.* In her complaint for negligence, she alleged that she had slipped on a wet floor, but she admitted in her deposition that she did not know for a fact that there was something on the floor that had caused her to slip and that she had not seen anything on the floor. *Id.* at 363.

Another panel of this Court affirmed summary judgment in favor of the hospital, concluding that Taylor's negligence claim was based on speculation and conjecture and emphasizing, "She infers that something was on the Hospital's floor because she fell. She, however, admits that she neither saw nor felt anything on the floor prior to or in the moments after her fall." *Id*. at 366.

[10] Similarly, in *Hayden*, a patron fell shortly after he exited a restaurant to retrieve his vehicle. 731 N.E.2d at 457. Again, there were no eyewitnesses to the fall. *Id*. at 458. In his complaint for negligence, Hayden claimed that he had slipped and fallen on snow and ice that the restaurant had failed to clear or salt. *Id*. at 457. Yet, in his deposition, he testified that he did not see any snow on the pavement where he fell and did not know whether there was ice in the area. *Id*. at 458. He also testified that he did not recall the pavement being slippery before he fell and did not know for sure what caused him to fall but simply believed and suspected that he had slipped on something. *Id*. Finding that Hayden had relied on speculation and conjecture as to the proximate cause of his injuries instead of coming forward with specific facts demonstrating the existence of a negligent condition that caused his fall, the *Hayden* court affirmed summary judgment in favor of the restaurant. *Id*. at 458-59.

[11] Here, Gilkey fell shortly after exiting Circle K, a place that she patronized "all the time." Ex. 1 at 16 (Plaintiff's Deposition at 59). When asked if she had ever noticed the imperfection in the pavement when going in and out of the store, she replied in the negative, stating, "I don't look down when I'm walking." *Id*. (Plaintiff's Dep. at 60-61). She was wearing flip flops and

carrying three large soft drinks when she fell. The photographic and video exhibits show the cracked and chipped pavement to be directly in front of the double doors at the entrance to Circle K. Exs. 3, 17, 18, and 19. The video footage from immediately before her fall shows Gilkey exiting through the double doors and walking to her left out of the view of the camera, which showed the cracked and chipped portion of the pavement directly outside the double doors. We agree with the trial court's observation concerning the video:

> Exhibit 3 is a security video that captures the Plaintiff as she leaves the building and turns to her left. The video does not show her fall, but clearly shows that she is well to the left of the "cracked and chipped" concrete by several feet and has not fallen. The video does not show Plaintiff fall, stumble, stagger or in any way have difficulty walking in the area of the concrete that Plaintiff claims caused her fall.

Appellant's App. Vol. 2 at 10-11.

[12] Moreover, unlike in *Taylor* and *Hayden*, where the falls were unwitnessed, an eyewitness observed Gilkey's fall. Circle K designated eyewitness Jeffrey Downs's affidavit, in which he averred, in pertinent part,

> 2. On November 13, 2015, I drove my vehicle to the Circle K Store …. On this occasion, I drove into the parking lot located in front of the store during the early afternoon although I am not exactly certain of the time that I arrived there. I intended to park my vehicle and to enter the store. I saw a woman walking out of the front door to the store. I stopped my vehicle in the parking lot because the woman was walking near the area where I intended to park. She looked to be about in her forties or early fifties. She was to the right of the front door of the store from

where I was outside the store. She was walking into the parking lot and because I was not sure what she was going to do, I motioned for her to go on but she motioned back to me to drive by. I started to move my automobile. I could see that she was moving backward and she was away from the door and not near the front entrance to the store but was more to the side. I then noticed that she fell to the ground and I saw her fall but I do not know why she fell. Based on what I witnessed and where she was on the ground, it was evident that she could not have fallen on the cracked pavement that was located in the area just outside the front door of the store.

3. After I saw the lady on the ground, I then got out of my vehicle and went over to where she was lying to see if I could assist her. She was a fairly large woman and I have a back condition and I could not help her. She was on the ground not near the cracked pavement in front of the store, but rather in an area to the side of the entrance to the store. She had not fallen near the cracked pavement in front of the store but rather in an area to the side of the entrance and she was lying on the pavement.

Ex. 2.

[13]     Gilkey's deposition, designated in its entirety by Circle K and in part by Gilkey, includes statements such as, "It's all fuzzy" and "all a blur to me." and Ex. 1 at 17-18, 20 (Plaintiff's Dep. at 63, 76). When asked if she remembered what happened when she fell, and "What caused you to fall?" she responded, "I don't remember anything after [the fall]. I don't even remember falling. I remember stepping out and then stepping back, because there was a truck, and that's all I can remember." *Id.* at 18 (Plaintiff's Dep. at 66-67). When she was shown Exhibit 17, a photograph depicting the imperfections or rough space

being in the middle of the doorway, she stated, "I fell more to the left over here. I didn't fall right here .... Q. So you didn't fall in the middle of the doorway area? A. No. Right here." *Id*. at 17 (Plaintiff's Dep. at 65.) "Q. But you don't remember at any point in time where you were on the ground, where you were situated?" A. Right." *Id*. at 20 (Plaintiff's Dep. at 77). The video footage shows conclusively that Gilkey walked to her left as the door closed and that she walked out of the picture and did not fall in the cracked and chipped area. This evidence is corroborated by Downs's eyewitness affidavit and Gilkey's deposition. We therefore find Circle K's designated materials sufficient to affirmatively negate the causation element of Gilkey's negligence claim.

[14] With Circle K having made a prima facie showing negating Gilkey's claim, it was then incumbent on Gilkey to come forward with facts to controvert Circle K's designated materials. She designated certain portions of her deposition, but not once in the deposition did Gilkey state that she fell because of the cracked and chipped pavement. Nor did she submit an affidavit to that effect, as was the case in *Hughley*. *See* 15 N.E.3d at 1004 (where plaintiff "designated an affidavit – albeit a perfunctory and self-serving one – that specifically controverted the [appellee's] prima facie case."). The deposition excerpt designated by Gilkey includes the following exchange concerning her location on the sidewalk when she fell (as depicted in Exhibit 18): "What do you think happened that made you fall? A. I *believe* I stepped right there [using photograph] and fell. When I went to step off, I *believe* there was a truck coming, and I stepped here, and then I stepped back and stepped right there on

that, and that's when I fell." Ex. 1 at 17 (Plaintiff's Dep. at 66) (emphases added). Her testimony and labels marking her location at the time she fell were not unequivocal but instead appeared to be best guesses. *See* Ex. 18 (photograph of sidewalk area outside Circle K).

In sum, the designated evidence established that Gilkey fell but that she does not know why, where, or how. Thus, Gilkey's negligence claim is based on mere speculation and conjecture, and "negligence cannot be inferred from the mere fact of a fall." *Taylor*, 949 N.E.2d at 364. We find no error in the trial court's grant of summary judgment in favor of Circle K. Accordingly, we affirm.

Affirmed.

Bailey, J., and Brown, J., concur.